JAMES SKELLY, Appellant, *against* THE PRIVATE COACHMEN'S BENEVOLENT AND CHARITABLE SO- CIETY OF THE CITY AND COUNTY OF NEW YORK, Respondent.

(Decided March 14th, 1884.)

A by-law of an incorporated benevolent society, although unreasonable and therefore void, as against members not assenting to it, may be valid and binding as a contract by assenting members.

By-laws of such a society provided for the payment, to a member in good standing, upon the death of his wife, of a certain sum, but further provided for the forfeiture, by any member who should be three months in arrear for dues, of benefits to him from the society, and also that, on the

Skelly *v.* Private Coachmen's Benevolent &c. Soc.

payment by such member of the whole amount due, he might have a voice in the society, but should not be entitled to any benefits for three months after liquidating the amount in arrear. In an action by a member of the society, to recover from it such sum claimed by him upon the death of his wife, it appeared that his dues for more than three months had been in arrear and had been paid by him only about one month before the death of his wife; and there was evidence sufficient to warrant the conclusion by the justice before whom the action was tried, that the by-law was in existence when the plaintiff became a member of the society, that he knew of it, and that he assented to it. *Held,* that a judgment for defendant should not be disturbed, as plaintiff must be regarded as having assented to the by-law when he joined the society.
*It seems,* that such a by-law is not unreasonable.

APPEAL from a judgment of the district court in the City of New York for the Seventh Judicial District.

The facts are stated in the opinion.

*M. J. O'Brien,* for appellant.

*N. Smith,* for respondent.

CHARLES P. DALY, Chief Justice.—This is an action brought against the defendants, a corporate benevolent society, or what is commonly known as a benefit society, by the plaintiff, who is a member, to recover the sum of fifty dollars, which, in the case of a member in good standing, is, upon the death of his wife, by the regulations of the society, to be appropriated to the payment of the funeral expenses.

The facts of the case were partly agreed upon, and partly appear in written depositions, taken by the consent of parties.

The defense to the action is that this amount could not by the by-laws, be appropriated, when the plaintiff's wife died. There is a by-law of the society which provides that if any member should be three months in arrear, his name and residence will be placed on a list, and hung up in the hall of the business meetings ; that, on the payment of the whole amount due, he may have a voice in the society, but shall not be entitled to any benefits for three months after liquidating the amount in arrear.

The plaintiff had failed to pay his dues from February to October, 1882, a period of eight months; but in the month of October, 1882, he paid up the amount in arrear—five dollars—and his wife died on the 16th of November, about a month afterwards; or within the three months. Upon this state of facts, the justice gave judgment for the defendants.

We held in *Cartan* v. *The Father Matthew United Benevolent Society* (3 Daly 20), that a by-law substantially the same as the one in this case, was unreasonable in view of the beneficial object of the corporation. Judge BRADY, in delivering the opinion of the court in that case, said that it would be reasonable to provide that delinquent members should be deprived of all benefits during their delinquency; but this by-law subjected the member to a penalty for a prospective period of three months after the payment of his dues and the performance of his duty; that the deprivation to which he is subjected is therefore based upon the omission of a duty which has been discharged, although not strictly according to the by-laws, yet fully and amply; and that such a by-law was not only unreasonable, but oppressive, and detrimental to the interest of such a corporation.

I had a strong impression, on the argument of the present case, that we had gone too far in that decision; and that we would have to reconsider it. In Brice's Ultra Vires, it is said: " The law has deemed it the more advisable course, to leave rules, for the most part, to the discretion of the corporations and those composing them, who may be reasonably supposed to know what is most conducive to their own interests and welfare " (Green's Brice's Ultra Vires, pp. 14, 16). And in consonance with this is the language of Judge POTTER, who, in his work on corporations, says (p. 114, note 10): " To set aside a by-law for unreasonableness there should be no equipoise of opinion upon the matter, but its unreasonableness should be demonstrably shown;" of which the case of *Elwood* v. *Bullock* (6 Adolph. & Ell. N. S. 383), might be pointed out as a good illustration. It should be so obvious as to admit of no reasonable

doubt, as it has been held to be a question of law for the court (*Commonwealth* v. *Worcester*, 3 Pick. 462).

In the present case, the president of the society testified that, for the payment of the benefits, which were eight dollars a week during sickness or disability and fifty dollars for funeral expenses on the death of a member's wife, they had to rely chiefly on the dues and the initiation fees ; that they had to have very stringent regulations to enforce the payment of dues, for the expense to pay the benefit to sick members was enormous ; that they sometimes had from twelve to twenty members sick ; and that, to meet those expenses, it was necessary to have the dues paid promptly ; for if they were not, the effect would be that the society would not have the money to pay the sick members, or for funeral expenses ; and it would break up.

Upon such a state of facts as this, I doubted the correctness of holding that by-laws like the one in question should be declared void, as unreasonable ; but after looking into the numerous cases in which a by-law has been held unreasonable, in view of the purposes of the corporation, I do not, although still entertaining some doubt as to the correctness of the decision in *Cartan* v. *The Father Matthew United Benevolent Society* (3 Daly 22), feel at liberty to disturb it (see the cases collected in Angel & Ames on Corporations, CX., and especially §§ 345, 347, 348 ; Green's Brice's Ultra Vires, p. 15, note a ; Potter on Corporations, p. 114, note 10 ; Abbott on Law of Corporations, pp. 138, 139 ; *People* v. *Throop*, 12 Wend. 186).

It will not, for the decision of the present case, be necessary to do so, for there is a feature in this case that was not in *Cartan* v. *The Father Matthew United Benevolent Society.* In that case, a similar provision to this was one of a lot of miscellaneous rules, in respect to which it could not be said whether the plaintiff had assented to them or not ; for a by-law, void as against non-assenting members, may be good as a contract, by assenting members (*Slee* v. *Bloom*, 5 Johns. Ch. 365, 385, 386 ; *S. C.*, on error, 19 Johns. Ch. 456, 479, 480 ; *Doves* v. *Proprietors of Meeting House*, 8 Metc. 321 ;

*Amesbury* v. *Insurance Co.*, 6 Gray 596; *Cooper* v. *Frederick*, 9 Ala. 738; Angel & Ames on Corporations, 342; Potter on Corporations, 114, note 10).

The plaintiff in the present case, on his cross-examination, was asked: "When you joined the society (the defendant), did you agree to abide by all their by-laws and rules?" and he answered: "Yes." He then said, on the re-direct: "When I joined the society, I went in as any other member; I made no formal agreement or declaration; I did as the other members did, I paid my dues and assessments." After which, on cross-examination, he was asked: "Did you understand that you assented to the by-laws when you joined the society?" and he answered: "Yes."

There was enough in this and in the other evidence to entitle the justice below to come to the conclusion that this by-law was in existence when the plaintiff became a member of the corporation, that he knew of it, and that he assented to it.

When he paid the dues that were in arrear from February to October, he had been for twelve or thirteen years a member of the society, and might fairly be assumed to be familiar with its constitution and by-laws, and know that, under the rule in question, he would not be entitled to any benefits, including the fifty dollars payable in the event of his wife's death, until three months after those arrears had been paid up. They were paid in October, 1882; and on the 16th of November, about one month after, his wife died. The disease of which she died was consumption. She had been confined to her bed from the month of May preceding; and the justice doubtless concluded that this payment of eight months arrearages was made in view of her approaching dissolution, and in expectation of getting the fifty dollars towards defraying the expenses of her funeral. In view of all these facts, he gave judgment for the defendant, and the judgment ought not to be disturbed; on the ground that the plaintiff must be regarded as having assented to the by-law when he joined the society.

The judgment should therefore be affirmed.

LARREMORE, J.—I concur.

BEACH, J.—I concur, and am of the opinion that the by-law is reasonable.

Judgment affirmed.