HARRIET WALSH, APPELLANT, *v.* PATRICK WALSH AND OTHERS, RESPONDENTS.

66 297
143a 662

*Mutual benefit association — who are the beneficiaries of a death fund on a failure of designation — "legal heirs" construed — wife of deceased member included.*

In an action on a certificate of membership in a mutual benefit association, in the nature of a policy of life insurance, it appeared that the beneficiary designated in the certificate had died before the member, but no change in the designation had ever been made, and that the member thereafter died leaving a wife and brother and sisters.

The act of incorporation of the association, after declaring that one of its objects was to assist the ' families" of deceased members, authorized it to accumulate

a fund to be paid over "to the families, heirs or representatives of deceased members, or to such person or persons as such deceased members may, while living, have directed;" and its by-laws provided, that "in case of a failure of, or imperfect designation, then the amount shall be paid to the legal heirs of the deceased member."

*Held*, that the words "legal heirs" in the by-laws, construed in connection with the expressed object of the association, and with the words "families, heirs or representatives," in the act of incorporation, were intended to describe the person or persons who would take in cases of intestacy, and hence included the wife of the deceased member.

APPEAL by the plaintiff Harriet Walsh from a judgment of the Supreme Court, entered in the office of the clerk of Chemung county February 16, 1892, adjudging that the $2,000 deposited in court and paid under a certificate issued by the Catholic Mutual Benefit Association belonged to certain of the defendants, the heirs-at-law of William Walsh, deceased, and that the plaintiff had no cause of action therein.

The action was tried before a court without a jury, and the findings of fact made by the trial judge were substantially as follows: That the Catholic Mutual Benefit Association was organized under chapter 496 of the Laws of 1879; that at the time stated in the complaint there was in existence in the city of Elmira a branch known as branch No. 51; that the general laws of the association provided, "on or before sixty days after due notice and proofs of death of a member in good standing shall have been received, the amount as set forth in the Beneficiary Certificate of said deceased shall be paid to the person or persons designated therein, or, in case of failure of, or imperfect designation, then the amount shall be paid to the legal heirs of the deceased member;" that William Walsh was a resident of Elmira, became a member of the Elmira branch of said association September, 1879, and remained a member in good standing until his death; that when he became a member a certificate of insurance was issued to him, entitling him to participate in the beneficiary fund of the association to the amount of two thousand dollars, "which sum shall, at his death, be paid to his mother, Mary Walsh;" that this certificate was in force and valid at the time of Walsh's death; that the beneficiary named died August 17, 1887; that William Walsh was married to the plaintiff in June, 1888, and died March 20, 1890; that no change in the

designation of the beneficiary was ever made; that there was no issue of the marriage of Walsh to the plaintiff, and he left him surviving no parent or descendant; and that the defendants are his brothers and sisters, and were all living at the time he became a member of the association.

As conclusions of law the court held: "1. At the time of the maturity of the claim, under the certificate of insurance, there was a failure of designation of the beneficiary to whom such insurance should be paid. 2. The amount due under the said certificate of insurance was, at the time of the commencement of this action, and is now payable to the legal heirs of William Walsh, deceased. 3. The above-named defendants, the brothers and sisters of the said William Walsh, deceased, are his sole legal heirs. 4. The plaintiff has no cause of action herein. 5. The interpleaded defendants herein are entitled to the judgment of this court directing the payment to them of the sum payable under the said certificate of insurance."

The statute incorporating the Supreme Council of the Catholic Mutual Benefit Association contained the following provisions:

"Sec. 5. The object of this corporation shall be to improve the moral, mental and social condition of its members, and to educate them in integrity, sobriety and frugality, to endeavor to make them contented with their position in life, and to aid and assist members, or their families, in case of death.

"Sec. 6. It shall be lawful for this corporation to create, hold, manage and disburse a beneficiary fund sufficient to pay all losses and expenses incident to the corporation, and for the relief of members and their families of the branches and grand councils, under the jurisdiction of this corporation, under such regulation as may be adopted by said corporation.

"Sec. 7. Such beneficiary fund as may be ordained suitable by said corporation may be set apart and provided to be paid over to the families, heirs or representatives of deceased members, or to such person or persons as such deceased members may, while living, have directed; and the collecting, management and disbursement of the same, as well as the person or persons to whom, and the manner and time in which the same shall be paid on the death of a member, shall be regulated and controlled by the constitution, by-laws, rules

and regulations of the corporation; and such beneficiary fund so provided and paid shall be exempt from executions, and shall not be liable to be seized, taken or appropriated by any legal or equitable process, to pay any debt of said deceased member; diocesan beneficiary districts may be set apart from time to time, and shall be governed by this law. The general and beneficiary accounts of said corporation, and those of its branches, grand councils and districts, shall be kept entirely and distinctly apart in separate books and accounts."

*Frederick Collin,* for the appellant.

*Babcock, Baxter & Gibson,* for the respondents.

MARTIN, J.:

This action was upon a certificate of membership, which was in the nature of a policy of life insurance, issued to William Walsh by the Catholic Mutual Benefit Association. The action was originally brought by the plaintiff, who was the widow and administratrix of the assured, against the association. Subsequently, the association paid the amount due upon the certificate into court, and by an order of interpleader the brothers and sisters of the decedent were made defendants. The action seems to have been tried upon the pleadings, although, by stipulation, either party was permitted to refer to, or read in evidence any part of the constitution or by-laws of the association.

The question involved on this appeal is whether the plaintiff was entitled to the $2,000 paid on this certificate, or whether it belonged to the defendants. An examination of the statute incorporating the association, discloses that its real and avowed purpose was to aid, assist and relieve members and their families during the life of the members, and aid and assist their families after death. (Laws of 1879, chap. 496, §§ 5, 6.) After declaring such to be the purpose and object of the association, the statute authorizes it to accumulate a fund which may be set apart and paid over "to the families, heirs or representatives of deceased members, or to such person or persons as such deceased members may, while living, have directed."

In *Bishop* v. *Grand Lodge of E. O. of M. A.* (112 N. Y., 627), which was a case involving the construction of a phrase, in all

respects, like this, it was held that " the families, heirs or legal representatives " meant and included those who would take such property in cases of intestacy.

The doctrine of that case is decisive of this, unless the by-laws of the association have changed the persons entitled to the benefit under such a certificate, where no designation has been made. The provision relied upon to effect that change is, that, " in case of a failure of or imperfect designation, then the amount shall be paid to the legal heirs of the deceased member." The words " legal heirs " are inapt and inappropriate when applied to such property, hence it is obvious that they were not used in their strict legal sense. Nor do we think they were intended to include only the " next of kin." As we have already seen, the purpose of the association was to aid, assist and relieve members and their families during the life of the members, and upon their death to aid and assist their families. Manifestly, this by-law was established in contemplation of the purposes of the association, and with an intent to carry them into effect. We cannot believe that, after the purposes of the association to aid and assist the families of deceased members had been so carefully and plainly stated, the association intended by its by-laws to so change that purpose as to aid only their heirs-at-law or next of kin, and thus ignore the wife of a member, who, with him, when living, constituted his family. The words " legal heirs " should be construed with reference to the general purpose of the association, and, when so construed, were, we think, intended to describe the person or persons who would take such property in cases of intestacy. This construction is consistent with the statute, seems to give effect to the real purpose of the association, and is, we think, sustained by the authorities. (*Hannigan* ·v. *Ingraham*, 55 Hun, 257 ; *Lawton* v. *Corlies*, 127 N. Y., 100, 106 ; *Heath* v. *Hewitt*, Id., 166 ; *Griswold* v. *Sawyer*, 125 id., 411 ; *Woodward* v. *James*, 115 id., 346 ; *Brooklyn M. Relief Assn*. v. *Hanson*, 53 Hun, 149.)

The judgment must be reversed and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.