(13 Misc. Rep. 245.)

### FANTON v. COACHMEN'S BENEVOLENT UNION.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

BENEFIT ASSOCIATIONS—FUNERAL EXPENSES.

The constitution of a benefit society provided that, "in case of the death of a member entitled to benefits, the sum of $150 shall be allowed as a funeral benefit. In the absence of competent friends, the association shall appoint a committee to take charge of the deceased brother." *Held*, that the funeral benefit was payable to the person who had charge of the funeral, and the wife of a deceased member, who had lived apart from him, and was not his administratrix, was not entitled thereto.

Appeal from Sixth district court.

Action by Mary Fanton against the Coachmen's Benevolent Union. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

P. C. Talman, for appellant.
Cornelius F. Collins, for respondent.

BISCHOFF, J.     Plaintiff, the widow of one C. H. Fanton, a deceased member of the defendant benevolent association, brought this action to recover $150, claimed to be due her from defendant by virtue of the following provision of its constitution:

"Sec. 6. In case of the death of a member entitled to benefits, the sum of one hundred and fifty dollars shall be allowed as a funeral benefit. In the absence of competent friends, the association shall appoint a committee to take charge of the deceased brother."

Upon the trial, defendant offered no evidence, but moved a dismissal of the complaint upon the ground that plaintiff had not shown herself to be entitled to the payment.     The admitted facts were that the deceased had not been buried at the expense of the plaintiff, and that she had not lived with him for a period of four years prior to his death; that he was a member in good standing in the association, and entitled to benefits; and that plaintiff had not been appointed administratrix of his estate.     We obtain no aid in the construction of the provision upon which this suit was based from other portions of the defendant's constitution, since this section alone, as having bearing upon the question, was put in evidence by plaintiff, and, in our view, the proper construction fails to give the provision a sense which could support the recovery below.     The plaintiff not being designated as beneficiary, and the benefit provided for being expressly a "funeral benefit," as distinguished from a benefit in the nature of life insurance, a rational interpretation of the words used would restrict the "benefit" to an allowance for burial expenses defrayed by the "competent friends," or by the committee appointed to act in their absence.     As personal representative or as heir at law, the plaintiff would not be entitled to the fund which, by the provisions of the defendant's constitution under which she claims, was to be devoted to a special purpose, other than as an asset of the estate or as a benefit to the heirs at law.     The party impliedly designated to receive and apply this payment is the party on whom the duty of defraying the funeral expenses of the deceased devolved through circumstances, and such the plaintiff admittedly was not.     The judgment must be reversed and the complaint dismissed, with costs.