(28 Misc. Rep. 556.)

JENNINGS v. CHELSEA DIVISION BENEFIT FUND SOC. OF SONS OF TEMPERANCE.

(Supreme Court, Appellate Term.   July 26, 1899.)

BENEFICIAL ASSOCIATIONS—BY-LAWS—VALIDITY.

A by-law of a beneficial association which provides that a member in arrears for dues shall not be privileged to vote at elections, nor be eligible to the benefits, until three months after his account is settled, is valid.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by George I. Jennings against the Chelsea Division Benefit Fund Society of the Sons of Temperance. From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

A. W. Gleason, for appellant.

James Shea, for respondent.

MacLEAN, J.   The plaintiff brought this action to recover the sum of $40, with interest, as "funeral benefits," claiming to be entitled thereto as a member of the defendant corporation, according to its constitution, by-laws, and rules, which it is alleged provide for the payment of such sum upon the death of the wife of a member.   It is conceded by a stipulation annexed to the return that the defendant owes the sum of $40, as claimed in the complaint, unless relieved therefrom by the following by-law, viz.: "Any member who is one dollar and fifty cents or more in arrears for dues   *   *   *   shall not be privileged to vote at elections, nor be eligible to the benefits of this division, until three months after his account is settled."   It is also admitted that the plaintiff, on October 1, 1898, was in arrears $1.50 for dues for the quarter ending September 30, 1898; that he settled his account by paying these dues, which the defendant accepted on October 18th; and that the plaintiff's wife died 10 days later.   The justice to whom the case was submitted, without dispute as to the facts, rendered judgment in favor of the plaintiff on the ground that "the by-law invoked by the defendant is unreasonable and oppressive, and must be disregarded."   Brady v. Association (City Ct. N. Y.) 14 N. Y. Supp. 272.   This case (Brady v. Association) follows the doctrine laid down in Cartan v. Society, 3 Daly, 20, wherein a very similar by-law was held not only unreasonable and oppressive, but detrimental to the interests of the corporation, and one which, being fully understood, it seems, would prevent persons from becoming members of the society.   The facts upon which rested the decision in the Cartan Case are distinguishable from those in the present.   One of the miscellaneous rules of that society declares that a member three or more months in arrears might have a voice in the society on the payment of the whole amount due, but would be deprived of benefits for three months after liquidating the same. The plaintiff therein was not in arrears for dues except constructively. The constitution of the society provided for a public procession in full regalia, with music, once in each year, to celebrate St. Patrick's Day,

and that every absent member should be fined a dollar, "to be collected as dues in the next month." The plaintiff was absent from the procession. His fine became due on the 17th of April. He did not pay it on that day, though he did on the 26th of the month. As it was to be collected as dues, and was equal in amount to the dues for four months, he was considered on the 26th of April "in arrears for three months or more." But, even without distinguishing the cases, the doctrine of the Cartan Case was questioned by the distinguished chief justice who joined in its decision, and who, with new colleagues, in a later case (Skelly v. Society, 13 Daly, 2), practically, though not overtly, overruled it. See Shaffer v. United Brotherhood, 22 Misc. Rep. 363, 49 N. Y. Supp. 151. Although the learned justice by whom the judgment was rendered below might well deem himself bound by the decision which he cited, and by the precedent upon which it rested, we are of the opinion that members of incorporated societies like the defendant are bound by the ordinary rule that, "when a person becomes a member of a corporation or society, he assumes the duty of knowing the internal laws of that society, and agrees to be governed by those laws, whether he knows them or not." 1 Thomp. Corp. § 941. The judgment should be reversed, and, as there is no dispute as to the facts, with costs to the appellant.

Judgment reversed, with costs to the appellant. All concur.