Our conclusion then is, that under the construction most favorable to the plaintiff, the evidence will not support the judgment of fifty-three dollars awarded him. We find that on his three causes of action he is entitled at most to sixty-eight dollars and seventy-five cents; that from this sum there must be deducted the defendant's established counterclaim for rent in the sum of sixty-five dollars, and that the judgment should have been for three dollars and seventy-five cents, to which sum it will be reduced.

Judgment in favor of plaintiff modified by reducing it to the sum of three dollars and seventy-five cents, and as modified affirmed, without costs to either party.

FREEDMAN, P. J., and MacLEAN, J., concur.

Judgment modified by reducing it to three dollars and seventy-five cents, and as modified affirmed, without costs.

---

JOSEPH E. COOK, Respondent, v. A. BENSON, as President of Local Union No. 64, of the United Brotherhood of Carpenters and Joiners of America, Appellant.

APPEAL from a judgment, in favor of the plaintiff, rendered in the Municipal Court of the city of New York, third district, borough of Manhattan.

Michael J. Horan, for appellant.

Edward W. Searing, for respondent.

LEVENTRITT, J. The decision rendered at the present term of this court in Jennings v. Chelsea Division Benefit Fund Society, 28 Misc. Rep. 556, disposes of the question raised on this appeal. The by-law there construed as reasonable is almost identical in terms with that in the case at bar. The judgment rendered in favor of the plaintiff could find support only in the unreasonableness of that by-law.

The judgment must, therefore, be likewise reversed.

FREEDMAN, P. J., and MACLEAN, J., concur.

Judgment reversed, with costs to appellant.