was necessary for the plaintiff, in order to establish the liability of the defendant on the notes, to show either acquiescence or ratification of the power assumed by the treasurer to issue notes." Bangs v. Macaroni Co., 15 App. Div. 522, 44 N. Y. Supp. 546. In the case at bar there is no evidence that the defendant had any knowledge or information of the existence of the guaranty, or that it knew of the signing of the same by Mayer. From the foregoing, it will be seen that there was an entire failure to show that Oscar I. Mayer had power or authority to bind the defendant by the signing of such instrument. The judgments should be reversed, and a new trial ordered.

Judgments reversed, and new trial ordered, with costs to the appellant, in each case, to abide the event.

LEVENTRITT, J., concurs. MacLEAN, J., concurs in the result.

---

(29 Misc. Rep. 327.)

HUGHES v. JOURNEYMEN HORSESHOERS' PROTECTIVE UNION & BENEVOLENT SOC. OF CITY AND COUNTY OF NEW YORK.

(Supreme Court, Appellate Term. October 25, 1899.)

BENEFICIAL ASSOCIATIONS—FUNERAL EXPENSES OF DECEASED MEMBER.

> Under the by-laws of an association, providing that, on the death of a member in good standing, a certain sum shall be appropriated for funeral expenses, to be paid to the proper parties, the widow of a deceased member is not entitled to recover that amount, where it does not appear that such member, at the time of his death, was in good standing, or by whom the funeral expenses were defrayed.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Delia Hughes against the Journeymen Horseshoers' Protective Union & Benevolent Society of the City and County of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Michael J. Horan, for appellant.
Robert Godson, for respondent.

FREEDMAN, P. J. The plaintiff, the widow of one William Hughes, brought this action to recover the sum of $100, alleged to be due her under the by-laws of the defendant association, which provided that said sum should be paid upon the death of a male member thereof in good standing. The plaintiff's husband died on the 4th day of February, 1899, and at the time of his death was a member of the defendant society. Section 11 of the by-laws of the defendant provides that, "on the death of a member in good standing, the sum of $100 shall be appropriated for his funeral expenses"; and further provides that this sum shall be paid by the society, through its officers or committees, to the "proper parties," so as to

"insure a decent and Christian burial." Under this section, the plaintiff claims to be entitled to the sum therein specified.

It will be observed that the widow of a deceased member in good standing is not specially designated as the beneficiary, and also that the sum mentioned is expressly made applicable to funeral expenses. The record in this case is silent as to who defrayed the funeral expenses of the husband of the plaintiff, and, in the absence of such proof, the plaintiff is not entitled to recover. Fanton v. Union, 13 Misc. Rep. 245, 34 N. Y. Supp. 162. Moreover, the testimony is clear, as stated in the opinion of the trial judge in the court below, that the deceased was not a member in good standing at the time of his death, as prescribed by the by-laws of the defendant society, by which by-laws and rules the deceased must be regarded as having been bound. Jennings v. Society (Sup.; June, 1899) 59 N. Y. Supp. 862. The judgment must therefore be affirmed.

Judgment affirmed, with costs.

MacLEAN, J., concurs upon the ground that it does not appear that the deceased was "a member in good standing." LEVEN-TRITT, J., concurs.