Judgment reversed and new trial ordered, with costs to appellants to abide the event.

## SAERWEIN v. JAMON.

(Supreme Court, Appellate Term.　June 28, 1900.)

BENEFICIAL ASSOCIATIONS — MEMBERS — EXPULSION — REINSTATEMENT—CONDITIONS—COMPLIANCE—LOSS OF BENEFIT.

A mutual benefit association may refuse to reinstate a member who has been dropped for just cause, and hence may impose such conditions as it sees fit, in its constitution and by-laws, not contrary to public policy, on which reinstatement may be had; and, where such conditions are not complied with by such member, his administratrix is not entitled to the death benefit.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action to recover a death benefit by Fredericka Saerwein, as administratrix, etc., against John J. Jamon, as president, etc. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Alden & Carpenter, for appellant.
Edward Galinger, for respondent.

PER CURIAM. The constitution and by-laws of the defendant constituted the contract between the plaintiff's intestate and the defendant. With that contract the courts have no right to interfere, unless the contract is against public policy. This contract is not against public policy. The defendant had a right to refuse to reinstate a member who had been dropped for just cause, and, having that right to refuse to reinstate a member so dropped, it had a right to impose terms upon which such member should be reinstated. Under the terms imposed by the constitution and by-laws of the defendant, plaintiff is not entitled to the death benefit. Hess v. Johnson, 41 App. Div. 465, 59 N. Y. Supp. 983; Jennings v. Fund Soc., 28 Misc. Rep. 556, 59 N. Y. Supp. 862; Conniff v. Jamour (Sup.; May, 1900) 65 N. Y. Supp. 317.

Judgment is reversed, with costs to the appellant to abide the event, and a new trial is ordered in the municipal court of the city of New York for the Eleventh district, borough of Manhattan.