(69 App. Div. 578.)

HART v. ADAMS' CYLINDER & WEB PRESS PRINTERS' ASS'N, NO. 51, OF CITY OF NEW YORK AND VICINITY.

(Supreme Court, Appellate Division, Second Department. March 14, 1902.)

1. BENEFICIARY SOCIETY—LAWS—WAIVER—INTENT—KNOWLEDGE OF FACTS—PROOF.

Where the beneficiary in a certificate issued by a society claims to recover by virtue of the waiver by the society of the requirements of its laws, it must be shown that with full knowledge of all the material facts the society intended to waive such provisions.

2. SAME—SUSPENSION—REINSTATEMENT—BENEFITS—TIME LIMIT.

Where by the by-laws of a society a suspended and reinstated member is not entitled to claim benefits during the time he is in arrears and for six months after the settlement of all arrearages, a member who had been suspended and died within five days after payment of arrearages is not entitled to any benefits.

3. SAME—BY-LAWS—REASONABLE.

Where the laws of a society provide that a new member shall not be entitled to benefits for six months, a law that a suspended member shall not be entitled to benefits for six months after reinstatement is not unreasonable.

Appeal from municipal court of city of New York.

Action by Cassie Hart against the Adams' Cylinder & Web Press Printers' Association, No. 51, of the City of New York and Vicinity. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Victor E. Whitlock, for appellant.
Herbert L. May and Everett B. Heymann, for respondent.

WOODWARD, J.   The plaintiff in this action is the widow of one Martin Hart, and she claims to be entitled to recover·from the defendant the sum of $250 as a funeral benefit, under the provisions of the constitution and by-laws of the defendant.   There is no substantial dispute as to the facts.   Martin Hart joined the defendant association as. a beneficiary member on July 12, 1887.   He paid his dues regularly thereafter as such beneficiary member up to about the year 1890, when he became in arrears for dues and assessments to the amount of about $8.50.   He was thereafter duly suspended from membership for the nonpayment of dues, after proper notice, and matters stood in this position until November, 1899.   At that time Hart was approached by one of the organizers of the defendant, and was urged to become reinstated in the union.   It was agreed between them that Hart should be reinstated upon the payment of his back dues and assessments and other arrears up to date, and that he might make payments at the rate of $5 per month until the amount was paid.   This arangement, except for the matter of details in the time of payment, was in accord with one of the by-laws of the corporation, and Hart made payments of $5 on four different dates between the meeting with the organizer and April, 1900.   On April 21, 1900, Hart being then at home, sick in bed, his employer made a payment of $79.50 to the defendant, in full payment of the dues of Hart, taking a receipt for the same.   Five days later Hart died, and the widow brings this action to recover the $250 funeral benefit which the defendant undertakes to pay to the beneficiaries of its members under the terms and conditions named in its constitution and by-laws.   It is not claimed that the plaintiff's husband had complied with all of the conditions, or that he had been reinstated in accord with the provisions of the constitution and by-laws of the defendant,. but it is urged that the defendant had, in some manner, waived the provisions of its laws, and that, the moneys due from Hart having been paid to, accepted and retained by, the defendant, the plaintiff is entitled to the benefit.

The learned court below has found, as a matter of fact, as stated in the opinion handed down, that the plaintiff has failed to establish facts from which a waiver on the part of the defendant can be inferred, and we are clearly of opinion that this conclusion is in accord with the evidence.   Assuming that this association of workingmen, with a limited insurance charter, might waive the provisions of its constitution and by-laws, it is clearly incumbent upon the plaintiff to establish that there has been such a waiver, and this cannot be done unless it is made to appear that the defendant, with full knowledge of all the material facts, has intended to waive the provisions of its laws.   If there was no waiver of the provisions of the by-laws, then Hart was never fully reinstated, and the plaintiff has no right to recover.

But assuming that Hart had been reinstated, that there had been a waiver of the conditions necessary to make him a member, still there was the provision of article 11, § 11, of the by-laws, which provided that "he shall not be entitled to claim for sick benefits or funeral allowance during the time such arrearages remain unpaid, and for six months after the settlement of such arrearages."   It is conceded that Hart died within

five days of the time of the payment of the dues; but it is urged that this provision of the by-laws is unreasonable, against public policy, etc., and therefore void. There can be no doubt that the by-laws of a corporation must be reasonably connected with the purposes of the corporation, and that they must be reasonably adapted to the accomplishment of the objects of the corporation (Cooley, Const. Lim. 241; 5 Am. & Eng. Enc. Law, 91, 95, and authorities cited in notes); but where the conditions imposed upon a reinstated member are the same in effect as those demanded of new members, the presumption arises that there is no denial of any of the reasonable rights of such reinstated member, and we are not pointed to any rule of public policy which requires that a member of a mutual benefit insurance association shall be entitled to benefits immediately upon the payment of his dues. Section 3 of article 3 of the constitution provides that before a "trade member or any applicant for membership can become a beneficiary member and entitled to sick or death benefits of the association he must be under forty-five years of age, and must present to the financial secretary a certificate from a reputable physician, to be selected by the executive committee, certifying him to be of sound health, and pay to the financial secretary the sum of ten dollars ($10) as an initiation fee to the benefit fund; but such member shall not be entitled to said benefits until six months after said initiation fee is paid, and he shall be subject to all laws and rules governing the benefit fund." We are not prepared to say that this is an unreasonable regulation of the affairs of a mutual insurance association; that it is not a necessary precaution to enable the association to meet its obligations to those who have contributed from time to time to its benefit fund; and if it is reasonable as to new members, it would be difficult to suggest a reason why it is not reasonable as to members who have neglected their obligations, and who have been reinstated upon complying with the conditions necessary to put them upon an equal footing with those who have carried the burden through the period of delinquency. These precautions seem to us to be necessary to protect all of the members against fraud, and in the case at bar there would seem to be no reason why the plaintiff should be put into a better position than those who have joined the association and who have not yet passed the six months' probationary period. These mutual benefit associations make only small demands upon their membership, and if it were possible for persons to wait until they were at the verge of death, and then by the payment of a nominal sum be put into position to deplete the treasury, the result would be the failure of all such organizations, and the working of a wrong upon those who have acted in good faith and who have complied with all of the conditions of bona fide membership. The regulation being reasonable, the conclusion here reached is not out of harmony with Hess v. Johnson, 41 App. Div. 465, 58 N. Y. Supp. 983; and it is supported by Rubino v. Association, 29 Misc. Rep. 339, 60 N. Y. Supp. 461; Nagel v. Glasburger (Sup.) 10 N. Y. Supp. 503; Jennings v. Society, 28 Misc. Rep. 556, 59 N. Y. Supp. 862; and Saerwein v. Jamon (Sup.) 65 N. Y. Supp. 501. See, also, Weiler v. Aid Union, 92 Hun, 277, 280, 36 N. Y. Supp. 734; Taylor v.

Grand Lodge (Sup.) 29 N. Y. Supp. 773; Matthews v. Associated Press, 136 N. Y. 333, 342, 32 N. E. 981, 32 Am. St. Rep. 741.

The judgment appealed from should be affirmed, with costs. All concur.