**2. COURTS—JURISDICTION—MUNICIPAL COURT OF NEW YORK.**

> The Municipal Court of New York City has no jurisdiction of an equitable action by a mortgagor to regain possession of the chattels which he had voluntarily surrendered to the mortgagee.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Ferdinando De Luca against the Archer Manufacturing Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

John T. Booth, for appellant.

SCOTT, P. J. This judgment cannot stand, and upon the admitted facts the plaintiff cannot recover in this action. In January, 1900, one Ferdinando Cinque gave to defendant a chattel mortgage covering some barber's furniture as security for the payment of $776, in weekly installments of $4 each. This mortgage was duly refiled from year to year, so as to be kept alive. Cinque paid with more or less regularity, and in October, 1901, being then in arrear, sold the chattels to plaintiff under a bill of sale, which recited that the sale was made subject to the mortgage. Thereafter plaintiff made some payments upon the mortgage, and in February, 1903, he voluntarily surrendered possession of the chattels to defendant, taking a receipt, which recited that they came back for storage. Plaintiff continued to make payments until April, 1903, when he stopped paying. At that time he was about $220 in arrear, and he has never since paid or tendered anything on account of the amount due upon the mortgage. This action was begun more than two years thereafter. It is not disputed that the defendant lawfully obtained repossession of the chattels, and that there was at the time of such repossession a large amount due thereon. Under these circumstances, the plaintiff cannot obtain possession of them without paying or tendering the amount due thereon, and then, if at all, only in an equitable action, of which the Municipal Court has no jurisdiction.

The judgment must be reversed, with costs to appellant, and the complaint dismissed, with costs. All concur.

---

### DIELMANN v. BERKA.

(Supreme Court, Appellate Term. February 27, 1906.)

**1. BENEFICIAL ASSOCIATIONS—CONSTITUTION AND BY-LAWS—CONSTRUCTION—BENEFITS—LIABILITY TO BENEFICIARIES.**

> The constitution and by-laws of a beneficial association provided that, on the decease of a member in good standing, the society would pay to the survivors, on production of a certificate of death, the sum of $100, which was to be raised by a uniform assessment on the members; that the treasurer should not pay death benefits before the proper heirs had been ascertained, but every member had the duty in his lifetime to inform the society about heirs; that in case of members who had no specific heirs, and had made no other disposition, the society assumed the burial expen-

ses, but in such case the expenses must not exceed $100; that claims to death benefits must be presented to the society within four weeks from the death of the member. *Held*, that payment of the benefit to a relation of a deceased member who had paid deceased's funeral expenses was not such a compliance with the provisions as would release the liability of the association for the benefit as against a beneficiary entitled thereto under proper construction of the language.

**2. SAME.**

By the payment of the benefit to the father of a deceased member prior to the expiration of the time for the presentation of claims the association assumed the risk of having to pay to the widow of the deceased member also, who perfected her claim within the time, though at the time of the member's death neither the father nor the association had knowledge of deceased having been married.

**3. SAME.**

The beneficiaries are those persons to whom personal property of a deceased member would go in case of intestacy, in accordance with the statute regulating the distribution of the personal estate of an intestate.

**4. SAME.**

In view of Code Civ. Proc. § 2732, providing that on the death of a husband leaving no issue one-half of his personalty shall descend to his widow, the widow of a deceased member, leaving no issue, is entitled to collect no more than one-half of the benefit from the association.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Katherine Dielmann, an infant, etc., against Charles Berka, as treasurer of Bricklayers' Union, No. 11. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Hillquit & Hillquit, for appellant.

M. Strassman, for respondent.

SCOTT, P. J. The defendant is treasurer of a voluntary association known as "Bricklayers' Union, No. 11," of which plaintiff's deceased husband was a member at the time of his death. The only article of the Union's Constitution or by-laws read in evidence was article 10, reading as follows:

"Upon the decease of a member in good standing, the society, through its treasurer, pays to the survivors, upon the production of a certificate of death, the sum of $100, which is to be raised by a uniform assessment upon the members. The treasurer shall not pay death benefits before the proper heirs have been ascertained, but every member has the duty in his lifetime to inform the society about his heirs. For this purpose the society keeps a separate book. In case of members who have no specific heirs, and have made no other disposition, the society assumes the burial expenses; but in such case the expense must not exceed the sum of $100. Claims to death benefits must be presented to the union within four weeks from the death of the member. After the expiration of such time, no more claims will be considered. No assistance in case of sickness shall be allowed from the treasury of the society."

The appellant insists that the object of this by-law was to provide for the expense of the funeral of a deceased member, and hence that payment to any relative who had paid the funeral expenses should be taken to be a compliance with the by-laws. This may have been the purpose of the society, but, if so, they failed to so express it.

Throughout the sum. to be paid is spoken of as a "death" benefit, never as a "funeral" benefit, and in this regard the case differs essentially from those relied upon by the appellant. Fanton v. Coachman's Ben. Union,. 13 Misc. Rep. 245, 34 N. Y. Supp. 162; Hughes v. Horseshoers' Union 29 Misc. Rep. 327, 60 N. Y. Supp. 526. The circumstance that the father paid the funeral expenses is not, therefore, controlling as to his right to receive the death benefit.

It appears that the deceased had been married to plaintiff only a very short time before his death, and that neither the father nor the union knew of his marriage. Soon after the death, and well within the time fixed by the by-laws for the presentation of claims, the father claimed and was paid the $100. Shortly afterwards, and likewise within the time fixed for presenting claims, the plaintiff claimed the benefit. Although the union had no knowledge or reason to know that the deceased was married, still it is undeniable that it assumed some risk in paying any one before the full time for the presentation of claims had expired; and if it has to pay the money, or some part of it, over again it will be because it took that risk. The by-law is not technical in its description of the persons to whom this death benefit shall be paid. In one place it speaks of "survivors," and later on describes them as "heirs." It is manifest that the word "heirs" is not used in its strict legal sense, which would be quite inappropriate as descriptive of the persons to receive such a benefit. In a similar case in the Fourth Department it was held that a like designation should be held to indicate those persons to whom personal property of the deceased would go in case of intestacy, and that as among them the fund should be distributed in accordance with the statute regulating the distribution of the personal estate of an intestate; and substantially the same rule has been applied by the Court of Appeals. Walsh v. Walsh, 20 N. Y. Supp. 933, 66 Hun, 297; Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464. In our opinion that rule should be applied in the present case. So far as appears, the deceased left a widow and a father. It is not suggested that he left any children. The most, therefore, that the plaintiff was entitled to collect from the union was one-half of the benefit. Code Civ. Proc. § 2732.

The judgment must therefore be reduced by $50, which the father was entitled to in any event, and, as so modified, it will be affirmed, without costs to either party. All concur.