(66 Misc. Rep. 162.)

## GINISO v. CALABRIAN AMERICAN CITIZENS' MUTUAL BENEFIT ASS'N.

(Supreme Court, Appellate Term.  February 18, 1910.)

INSURANCE (§ 756*)—MUTUAL BENEFIT ASSOCIATIONS—SUSPENSION ON NON-PAYMENT.

Where the constitution of a mutual benefit association provided that a member who failed to pay monthly dues for two months and did not put himself in good standing at the regular meeting on the third month was in arrears, and, if such arrearage continued for three months more, would be declared suspended, a member who was in arrears eight months was ipso facto suspended from membership, without further action by the society.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1917; Dec. Dig. § 756.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Filomena Giniso against the Calabrian American Citizens' Mutual Benefit Association. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Leonard A. Snitkin (Abraham H. Sarasohn, of counsel), for appellant.

Baker & Hyman (Sol A. Hyman, of counsel), for respondent.

SEABURY, J. The plaintiff, as the widow of one Vincenzo Giniso, has recovered judgment for $250 and costs against the defendant, a membership corporation. The plaintiff's husband was a member of the defendant. Under the constitution and by-laws of the defendant it was required to pay, upon the death of one of its members in good standing, an endowment of $250. It appears that on March 1, 1909, there was due from the plaintiff to the defendant the sum of $9.10. The husband was in arrears for over eight months. Article 21 of the defendant's constitution provides as follows:

"A member who does not pay his regular monthly dues or fines for two months, and at the regular meeting of the third month fails to put himself into good standing, is considered in arrears. This arrearage continuing for three months more, the member will be declared suspended from the society."

On March 18, 1909, the husband of the plaintiff died. The other facts in the case were disputed; and, the court having rendered judgment for the plaintiff, we assume that the facts testified to by the plaintiff were true. From this evidence it appears that on March 1, 1909, the plaintiff paid the financial secretary of the defendant $9.10 and received a receipt for the same, and that 15 days later the financial secretary called on the plaintiff and offered to return this money to her, and upon her refusal to accept it threw the money on the floor and went away.

The first question to be determined is whether the fact that the deceased was in arrears for eight months operated ipso facto, and without any further action on the part of the defendant, as a suspen-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sion of the deceased from membership in the defendant. We think the question should be answered in the affirmative. Paster v. Nagelsmith, 50 Misc. Rep. 791, 63 N. Y. Supp. 154.

The only other question requiring discussion is whether the acceptance of the $9.10 by the financial secretary was a waiver of the default of the plaintiff's husband in the payment of his dues and efected his reinstatement. We think that the facts proved failed to establish such a waiver on the part of the defendant, or that the financial secretary had power to waive the provision of the defendant's constitution and by-laws. Hart v. Adams Cylinder Web Press Printing Association, 69 App. Div. 578, 75 N. Y. Supp. 110. The plaintiff having failed to establish a waiver, the deceased had not at the time of his death been reinstated as a member of the defendant, and the plaintiff cannot recover in this action.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.