OTTO O. STILLMAN and JOHN A. COVERT, executors, &c..

*v.*

FRIENDSHIP LODGE, No. 30, KNIGHTS OF PYTHIAS et al.

[Submitted February 16th, 1915. Decided March 12th, 1915.]

Under the by-laws of a benevolent society, providing that on the death of a member who, if sick, would be entitled to benefits, the death benefit should be appropriated toward his funeral expenses and paid to such competent relative as the lodge might select, and that in the absence of competent relatives, of which the lodge should be the sole judge, it should take charge of the funeral, the lodge, having notice that the executors were, and that decedent's daughter was not, liable for the funeral expenses, could not defeat the trust by arbitrarily declaring the daughter, who had no right to the fund, to be the beneficiary, as it was only when it took charge of the funeral itself that it was the sole judge as to the beneficiary and the absence of competent relatives entitled to the fund.

*Mr. Freeman Woodbridge,* for the complainants.

*Mr. George L. Burton,* for the defendant Friendship lodge, &c.

BACKES, V. C.

This case was submitted upon an agreed state of facts. The complainants' testate, Isaac D. Fry, at the time of his death, was a member in good standing of Friendship Lodge, No. 30, Knights of Pythias, an incorporated benevolent society. Sections 9 and 10 of the lodge's by-laws provide as follows:

"Section 9. In case of the death of a member of this Lodge, who if sick or disabled would be entitled to benefits, such sum as described in Section 10 of this Article shall be appropriated towards defraying his funeral expenses and be paid for that purpose to such competent relative of the deceased as this Lodge may select. In the absence of competent relatives, of which the Lodge shall be sole judge, the Chancellor Commander shall take charge of the funeral and keep an accurate account of the disbursements, make a full and detailed report to the Lodge,

and the balance, if any, of such appropriations shall be expended by the Lodge, under the supervision of the Trustees, for the benefit of the widow or children of the deceased member, if any there be; and if the deceased member shall not leave any widow or children, then such balance shall be returned to the Lodge funds.

"Section 10. Upon the death of a member admitted after January 1st, 1910, and entitled to full benefits, the death benefit shall be graded as follows:

On a membership of 1 to 90 days................ $100.00
On a membership of 91 to 180 days............. 150.00
On a membership of 181 to 270 days............ 200.00
On a membership of 271 days or over........... 250.00"·

The complainants, as executors, incurred the funeral expenses, amounting to $336.60. Six months thereafter the lodge paid the death benefit of $250 to the member's daughter, Charlotte Fry Cash, taking from her an indemnity bond. Mrs. Cash had not been on friendly terms with her father. She was not a member of his household, and for many years there was no communication between them. Of this the lodge had knowledge, as well as of the fact that the executors had incurred the funeral charges. The money was paid against the protest of the complainants. The bill prays a money decree against the lodge for the amount of the benefit.

The lodge's defence is that it has discharged its legal duty, by strictly following the terms of its by-laws in selecting the only relative of the deceased as the "competent relative," of which it was the sole judge, to receive the benefit. The merit of this defence depends upon the correct meaning of the two sections of the by-laws above quoted, and the duties arising thereunder. The death benefit, the amount of which is fixed by section 10, is, by the preceding section, plainly impressed in the hands of the lodge, with the primary trust to appropriate it towards the funeral expenses, and this trust was to be discharged in one of two ways; either by the lodge itself conducting the funeral, or selecting a relative who was competent—that is, likely, in the ordinary course of affairs, to become responsible for the last services. Had the lodge paid the money to the daughter, in the reasonable expectation that she would incur the burial charges, its full measure of duty would have been discharged, for it could

not have been held responsible if the money thereafter had been diverted to another use. But that is not the situation here, because the lodge knew when it paid over the moneys that the executors were, and the daughter was not, liable for the costs of the funeral, and in the proper performance of its trust it should have wholly eliminated the daughter as a "competent relative," and directly, or through the executors, applied the fund towards the liquidation of the undertaker's bill. The daughter had no right to the fund, and the lodge could not defeat the trust by arbitrarily selecting a beneficiary who, although coming within a literal definition of "competent relative," was alien to the performance of the trust. *Fanton* v. *Coachmen's Benevolent Union,* *13 Misc. Reps. (N. Y.) 245; Hughes* v. *Journeymen Horseshoers' Protective Union, &c., 60 N. Y. Supp. 526; Wilkins* v. *Price, 142 N. Y. Supp. 574; Britton* v. *Royal Arcanum, 46 N. J. Eq. 102.*

The by-laws do not constitute the lodge, in all events, to be the sole judge of the recipient of the benefit. It is only when the lodge itself takes charge of the funeral that its judgment is conclusive upon the question of the absence of competent relatives of the deceased to perform that office.

A decree may be entered in favor of the complainants, with costs.