JAMES CARTAN *v.* THE FATHER MATTHEW UNITED BENEVOLENT SOCIETY.

The by-laws of a mutual benevolent society provided for the payment of $5 per week, by the society, to each member during his sickness or disability; but further provided that there should be a forfeiture of such benefits for a period of three months from and after the liquidation of any arrears of dues by a member. The plaintiff, a member of the society, having paid up his arrears of dues in April, became sick in May following. *Held,* in an action by the plaintiff against the society, to recover $5 per week during the period of his sickness, that the latter by-law was unreasonable, and the plaintiff could recover.

It is a governing rule with regard to corporations, that their by-laws must be reasonable, and such as are vexatious, unequal, oppressive, or manifestly detrimental to the interests of the corporation, are void.

APPEAL by the defendant from a judgment of the Eighth Judicial District Court.

This action was brought to. recover $15, being the sum of $5 a week for three weeks, alleged to be due the plaintiff as a member of the defendant's society, as benefits during sickness, under the following by-law: " Sec. 4. Every member entitled to benefits shall, in case of sickness or disability to labor, receive five dollars a week during the continuance of such sickness or disability, except the same be brought on by improper conduct."

It appeared on the trial, that on April 26th, 1868, the plaintiff was six months in arrears for dues and fines, which he paid on that day ; and that he was sick from May 3d, to May 27th, 1868. The defendants claimed that nothing was due the plaintiff by virtue of another by-law of the society, which provided that any member who should be three or more months in arrears, should be deprived of benefits for three months after liquidating the same.

Judgment was given for the plaintiff, from which the defendants appeal to the general term of this court.

*Charles S. Spencer*, for appellants.

*David McAdam*, for respondent.

By the Court.—Brady, J.—The plaintiff is a member of the society which is the defendant in this action. He was sick from the 3d to the 27th of May, 1868, and commenced this action to recover fifteen dollars, which he claims under the by-laws (section 4, art. 16), which provide that " every member entitled to benefits· shall, in case of sickness or disability to labor, receive five dollars a week during the continuance of such sickness or disability, except the same be brought on by improper conduct." The defendants insist that he had forfeited all right to benefits during the period of his sickness. Section 1 of the 6th article of the constitution of the society declares, that there shall be a public procession, in full regalia and with music, once in each year, to celebrate St. Patrick's Day, and that every absent member shall be fined one dollar, to be collected *as dues in the next month.* Article 13th of the by-laws is as follows : " Each member of this society shall 'pay twenty-five cents per month as dues." And section 1, miscellaneous rules, page 17 of the constitution and by-laws, declares that any member who shall be three or more months in arrears, may have a voice in the society on the payment of the whole amount due, but shall be deprived of benefits for three months after liquidating the same. The plaintiff was absent from the procession on St. Patrick's Day, and was fined one dollar, which is equivalent to four months' dues. His fine, as we have seen, became due in April, and the financial secretary of the society says, on the 17th. There is no other evidence on that subject, and that day must be regarded as the day in which the fine became · due, according to the practice and custom of the society. The plaintiff did not pay it on that day, but did pay it on the 26th of the month. It was to be collected as dues under the constitution, and amounting to the dues for four months, the plaintiff was, on the 26th April, *in arrears* for three months or more ; and the payment on that day of what was due, although it gave him a right to other privileges, deprived him of the benefits for three months from the payment of such arrears—that is, from the 26th April, to the 26th July, 1868, a period which covered the time during which he was sick. The act incorporating the defendants was

passed March 31st, 1865.  The second section declares the object and purposes of the corporation to be, to promote temperance among its members, and to accumulate a fund for their aid in case of distress, disability, sickness, or death.  The dues to be paid, and the fines to be collected, are the sources of this contemplated accumulation, and the members of the ·society are the persons by whom they are to be paid.  The by-law which prohibits a member from benefits while he is sick, deprives him of participating in one of the chief and declared objects of the society, to which he contributes by the payment of dues and fines.  It is a governing rule with regard to corporations, that their by-laws must be reasonable, and all which are vexatious, unequal, oppressive, or manifestly detrimental to the interests of the corporations, are void (Angell and Ames on Corporations, § 347, and cases cited).  Is the by-law referred to unreasonable?  I think it is most decidedly so.  If it provided that delinquent members should be deprived of benefits during their delinquency, it would be otherwise; but this by-law subjects the member to a *quasi* penalty after the payment of his dues and the performance of his duty, and for a prospective period of three months.  The deprivation to which he is subjected is, therefore, based upon the omission of a duty which has been discharged; although not strictly according to the by-laws, yet fully and amply.  It is not only unreasonable, but oppressive and detrimental to the interests of the corporation, and one which, being fully understood, it seems would prevent persons from becoming members of the society.  It is only necessary, however, that we should regard it unreasonable, that question being for the court solely (*Commonwealth* v. *Worcester*, 3 Pick· R., 473).  The justice was right in finding for the plaintiff for these reasons, and the judgment must be affirmed.

Judgment affirmed.