Louise Roehner, Appellant, *v.* The Knickerbocker Life Insurance Company, Respondent.

A promissory note made payable a specified number of months after date, without grace, falls due on the same day of the month as that of its date.

Where a policy of life insurance contains a clause declaring it void on failure of the assured to pay the annual premium on the day it falls due; to work a forfeiture, it is not necessary for the insurer to give notice of intention to claim it, but on failure to pay at the time stipulated the policy becomes void because of the non-payment alone.

So, also, where by the policy it is rendered void without notice, by a failure to pay at maturity any note given for premium, to forfeit the policy it is not necessary to make demand for payment of a note so given; at least where the note states no place of payment, and upon its face shows the consideration and purpose of it, and the effect of non-payment at maturity.

As to the effect in case a promissory note simply in the ordinary form is taken, *quære.*

Such conditions in a policy are not unreasonable or against public policy.

The distinction between a contract of life insurance and one of leasing, and in the effect of breaches of conditions of forfeiture contained in policies and in leases, pointed out.

(Argued October 7, 1875; decided November 9, 1875.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of defendant, entered upon a decision of the court upon trial without a jury.

This action was upon a policy of life insurance issued on the 11th day of December, 1869, upon the life of John Roehner, husband of plaintiff, who, with the assent of defendant, assigned the same to plaintiff. By the policy the annual premium was to be paid on or before the eleventh December in each year, and the policy contained this clause:

"And the omission to pay the said annual premium, on or before twelve o'clock noon, on the day or days above mentioned for the payment thereof, or failure to pay at maturity any note (other than the annual premium note) given for premium, interest or other obligation on this policy, shall then and thereafter cause said policy to be void, without notice to any party or parties interested therein."

For a portion of the annual premium falling due December 11, 1869, Roehner gave and defendant accepted a promissory note, of which the following is a copy:

"$120.84.                NEW YORK, *December* 11, 1869.

"Four months after date, without grace, I promise to pay to the order of the Knickerbocker Life Insurance Company one hundred and twenty dollars and eighty-four cents, at ————, with interest, value received in premium on policy No. 22,617, which policy is to be void in case this note is not paid at maturity, according to contract in said policy.

"JOHN ROEHNER."


On the 12th of April, 1870, plaintiff tendered to defendant the amount of the note, which defendant refused to receive. Roehner died August 9, 1870.

The court found, as conclusions of law, that the note fell due April 11, 1870, and the non-payment at or before maturity avoided the policy, and thereupon directed judgment for defendant, which was entered accordingly.

*Henry Wehle* for the appellant.  If the note was not paid at maturity defendant had a right to deduct the amount thereof from the policy.  The policy was not defeated thereby.  (*McAllister* v. *N. E. Ins. Co.*, 101 Mass., 558; *N. E. Mut. Ins. Co.* v. *Harbrook*, 31 Ind., 447.)  Upon non-payment of the note at maturity the policy became only voidable at the option of the defendant, not void *eo instanti.* (*Goodwright* v. *Davids*, 2 Comp., 803; *Ride* v. *Farr*, 6 M. & S., 121; *Doe* v. *Banks*, 4 B. & Ad., 664; *Ormsby* v. *Woodward*, 6 B. & Cr., 519; *Roberts* v. *Davy*, 4 B. & Ad., 644; *Dakin* v. *Cope*, 2 Russ., 174; *Hyde* v. *Watts*, 12 M. & W., 254.)  Defendant by retaining the note retained the power to collect the amount.  (*Armstrong* v. *Turguand*, 3 Bigelow L. I. R., 350.)  The computation of the four months in the note of the insured commenced from the day following its date.  (*Campbell* v. *Int. L. Ins. Co.*, 4 Bosw., 298; *Judd* v. *Fulton*, 10 Barb., 187; *Blydenburgh* v. *Cotheal*, 4 N. Y., 418; *Com. Bk.* v. *Ives*, 1 Hill, 355; *Butts* v. *Edwards*, 2 Den., 164.)  Defendant was bound to demand payment of the note before forfeiture could be enforced.  (*Simpson* v. *Routh*, 2 B. & Cr., 682; Chitty on Cont., 733; *Mut. B. L. Ins. Co.* v. *French*, 2 Cin. S. C. R., 321; 4 Bigelow, 369.)

*Samuel Hand* for the respondent.  The policy ceased immediately upon default in payment of premium.  (*Pitt* v. *Berk. L. Ins. Co.*, 100 Mass., 500; *Baker* v. *Union Mut. L. Ins. Co.*, 43 N. Y., 283; *Howell* v. *R. L. Ins. Co.*, 3 Roberts, 232; *Robert* v. *N. E. Mut. L. Ins. Co.*, 2 Dis., 106; S. C., 2 Bigelow, 141; *Simpson* v. *Acc. D. Ins. Co.*, 2 C. B. [N. S.], 257; *Acey* v. *Fernie*, 7 M. & W., 151; *Bissell* v. *Am. T. L. Ins. Co.*, 2 Bigelow, 151; *Sheridan* v. *Phœnix L. Ins. Co.*, 1 E., B. & E., 156; Bliss on L. Ins., 261.)  The premium notes were promissory notes.  (Story on Prom. Notes, §§ 20–24; Bayley on Bills, chap. 1, § 4; Chitty on Bills, 55; *Cook* v. *Satterlee*, 6 Cow., 108.)  The note for $120.84, payable in four months after date, and dated December 11, 1869, was due April 11, 1870.  (Story on Prom. Notes, § 213; Story

on Bills, § 330 ; Chitty on Bills, chap. 9, p. 406 [8th ed.].) The words " without grace " show that the instrument was to be governed by the rules for computing time, which are applicable to promissory notes.   (*Pugh* v. *Leeds*, Cowp., 714 ; *Watson* v. *Pears*, 2 Camp., 4–296 ; 2 Pars. on Cont., 175.)

FOLGER, J.   The note which the insured gave, was due and payable on the 11th day of April, 1870.   In computing the time when a note, payable at a certain number of months after date, will become due, the rule is to exclude the day of the date from the calculation and include the day of payment, when no days of grace are allowed ; (*Bellasis* v. *Hester*, 1 Ld. Raym., 280 ; *Campbell* v. *French*, 6 T. R., 212).   When a promissory note is dated on a day of any month, and made payable at a specified number of months after that date, without days of grace, it accrues due and payable on the same day in the stipulated number of months afterward, with the day of the date of the note ; (*Hartford Bank* v. *Barry*, 17 Mass., 94 ; *Ripley* v. *Greenleaf*, 2 Vt., 129).   The months after date are then fully complete.

And so it falls out, that the offer by the insured to pay the note on the 12th day of April, 1870, was made on a day, after the note was, by the terms of it, due and payable.

The argument of the appellant seemed to reach to the extent, that there could be no forfeiture of the policy, by the defendant, unless the intention so to do was, after the failure to pay the premium, made known by it to the holder of the policy.   It is however, well settled, that on the failure of the insured to pay the premium on a policy like this, at the time therein stipulated therefor, it becomes lapsed and void. It is then no longer a contract enforceable against the insurer. In the case in hand, it was the agreement between the contracting parties, that the consideration for the undertaking of the defendant was, that the assured had paid it in hand a certain sum at the making of the contract, and should, on a certain day in each year thereafter, on or before a certain hour of that day, pay them the same sum.   And it was expressly

agreed, that the omission to pay that sum on the day named, by the hour named, should then and thereafter cause the policy to be void. Considering the nature of the contract of life insurance, and how it binds the insurer to a continuance of it on the payment of premium at the recurring times of payment, while the insured is not, by the terms of the policy, bound to pay, but has a privilege to do so or not, this was not an unwise condition for the defendant to insert in the contract, it was not illegal, nor can we say that it was against public policy. When the contract was accepted upon those terms, the condition was an important part of it, and the insured was bound to a strict performance, before there could be a claim set up for a benefit under it; unless such performance was legally waived or modified. If the premium was not paid when the day for payment came, the policy was void, for the parties to it have said that so it should be. The forfeiture results from the non-payment alone, and from no other act. The payment is a condition precedent, which must be kept, or the policy falls. It is a rule of the common law, that if the terms of the contract violate no law or public policy, are sustained by sufficient consideration, and have been fairly entered into, a strict and exact compliance with them may be insisted upon; (*Beadle* v. *Chenango Co. Mut. Ins. Co.*, 3 Hill, 161).

Nor did the fact that the defendant took from the insured the note, alter this rule in this case. The defendant was not required to make demand for payment of the note, and on refusal to pay to declare the policy void. It lapsed *per se*, upon the failure to pay the note at maturity; for the same agreement and intention of the parties are expressed in the note as are expressed in the policy. By the latter, the omission to pay the annual premium shall cause the policy to be void; by the policy too, the same effect follows from a failure to pay at maturity, any note given for premium; by the note itself, the policy is to be void in case the note is not paid at maturity according to the contract in the policy. To be sure, the note is made payable to the order of the defendant, and in

so much, is negotiable, and might be found in the hands of a holder other than the defendant, at its maturity. It would be so, however, with full notice of the consideration and purpose of it, and of the conditions which attached to it, and which would become operative on the failure to pay it at maturity. It is impossible to take the policy and note save together, and as part. of one continuing transaction, and as plainly manifesting the intention of the parties to adhere to the condition of the primary contract, to wit, that the omission of payment of premium, on any day stipulated therefor either in the policy or the note, should cause the policy to become void. We will not now say what would be the effect, had the defendant taken from the insured, a promissory note in no other than the form and terms strictly adapted to that instrument. It would then have an obligation of the insured which it might enforce against him or his estate, and it might be that there would then be room for the exercise of an option by the defendant, whether to surrender the note and to avoid the policy, or to continue the policy and to enforce and collect the note ; and it might have been that it would need have signified its election to the insured by a demand of payment of the note, or by some other notice, of its determination. But in this case it is plain, that the policy provides for a lapse of it, upon mere non-payment of the annual premium, and for a like lapse upon the mere failure to pay at the maturity, any note given like this for an accrued premium ; and it is plain that the parties intended that these provisions of the policy, should apply to and control that part of the transaction between them, represented by the giving and taking of the note, and the extension thereby of the time for the payment of the premium. It was just as much the case with the contract embodied in the note, as the contract embodied in the policy, that one of its conditions was, that a mere omission to pay at maturity did cause the policy to be void. The taking of such a note, as a means for providing for the premium, was. contemplated by the policy, and hence by the parties, at the inception of their rela-

tion of insurer and insured; and therefore the payment of it at maturity was a consideration precedent to the continuance of the policy; for so are the terms of the policy in reference to it, and so are the terms of the note itself.

The appellant seeks to liken the case to that of a breach of a condition in leases, or other similar instruments. And she claims that the courts have invariably held, that therein the like condition means, that the lease shall be void if the party for whose benefit the clause was inserted shall elect to avail himself of it. But the contract of life insurance and the contract of leasing are not alike. If we were to undertake to compare the parties to them, we should say that the insured was to be likened most unto the lessee. But the lessee may not cause a lease to become void by omitting to pay the rent, though the lease have in it a condition that the lease shall become void on the failure of the lessee to pay it. It is on the principle that he is bound to pay the rent, and to omit to do so is his wrong; and thus to bring about an avoidance of the lease at his option would be to take advantage of his own wrong, which is what the law will not permit. And so it is held, that a breach of a condition to pay rent avoids the lease only at the option of the lessor; (*Rede* v. *Farr*, 6 Maule & Selw., 121). But it is at the option of the insured, whether he will or will not pay the recurring premium. He is not bound to pay it, and the insurers have no covenant or undertaking from him that he will; so that his failure to pay, and his continued neglect or refusal to pay, does, of itself, work the cessation of the policy. Again, the words "*null and void*" in instruments, have been construed to mean "*voidable*," where the proviso was introduced in favor of the party who did not wish to avoid the instrument, or where the party in whose favor it was, could not take advantage of it without acting against public policy; (*Pearse* v. *Morrice*, 2 Ad. & Ell., 84). In cases of the contract of life insurance it is ordinarily a party who does wish to avoid the instrument that has, in its own behalf, put into it the clause for forfeiture. And we have above remarked that, considering the nature of the

contract, it is not against public policy for that party to take advantage of the clause. It is at the option of the insurer, as it is of the lessor, whether non-payment shall work a forfeiture.

The appellant in this connection again contends, that the defendants having possession and keeping possession of the note of the insured, were bound to signify to him, on the day of its maturity, that they should avail themselves of non-payment as a forfeiture of the contract; and that they should, in analogy with the position of a lessor, have made demand of payment on that day so as to put him in default. The appellant is restricted to that day, for on the day after maturity the defendants did, unmistakably, signify their election to avoid the policy because of non-payment. It may be conceded that, ordinarily at common law, a demand of payment of rent must be made before a lease may be avoided by the lessor; (*Doe* v. *Alexander*, 2 Maule & Selw., 525–528). But if the lease specify the house of the lessor or his place of business as the place of payment of the rent, no formal demand therefor need be made in the absence therefrom of the lessee; (*Rede* v. *Farr, supra*). The law has established, that where no place of payment of rent is named in a lease, demand therefor must be made upon the premises. (*Burrough's Case*, Cro. Eliz., 462.) But a promissory note, when no place of payment is named in it, is payable wherever the holder and owner has it. So this note, being in possession of the defendants at their place of business, was payable there. And even if this contract was like that of a leasing no formal demand of payment there was needed; though we must not be understood to admit, that in such a case as this, a demand would be necessary if a place of payment, other than the office of the defendants, had been named in the note.

The contract of life insurance is *sui generis*. It is one sided. By a strict observance of the conditions of it, the insured may hold the insurers to their contract, while they have not the power or the right to compel him to remain in

contract relations with them longer than he chooses. Thus it differs widely from a lease. For this reason the clauses of forfeiture in policies of life insurance have been construed literally, and on breach of condition the policies have been held avoided in favor of the insurers without demand or other notice of election on their part. Nor is the rule of law which governs in case of leases, applied to all instruments which contain clauses of forfeiture on breach of conditions. Thus, in *Hyde* v. *Watts* (12 Meeson & Welsby, 254), a creditor was permitted to maintain his action in avoidance of a composition deed, though there was no act or intimation of his election so to do before bringing his action. In the case in hand the election was quite as decidedly and promptly signified.

The judgment should be affirmed.

All concur.

Judgment affirmed.