Buecking *v.* Robert Blum Lodge of Odd Fellows.

## New York Marine Court.

*Special Term—March,* 1877.

## MAGDALENA BUECKING *against* THE ROBERT BLUM LODGE OF ODD FELLOWS.

In an action by the widow of a deceased member to recover from the Lodge of Odd Fellows $50 to defray the funeral expenses of the deceased, and a stipend of $150 more for the benefit of herself and family, under the by-laws of the lodge, containing provisions allowing such pecuniary aid in case of the death of its members,—*Held*, that a by-law, operating as a forfeiture of the widow's right to the benefits, because the member's dues, although fully satisfied, were not paid at the precise time required by the lodge, was void, and no bar to the right of recovery.

*Germain Hauschell*, for the plaintiff.

*Kurzman & Yeaman*, for the defendant.

McADAM, J.—The plaintiff's late husband became a member of the above lodge in 1869, and continued his membership therein until the time of his death, which occurred on the 11th day of July, 1875. The by-laws of the lodge contain provisions allowing pecuniary aid in case of the sickness or death of any of its members. In case of sickness, the sick member is entitled to certain weekly benefits, and upon his death, his widow is entitled to $50 to defray the funeral expenses, and to a stipend of $150 more for the benefit of herself and family. The defendant claims that the widow is not entitled to receive either of these sums in the present instance, upon the ground that by article 10 of their by-laws, members who shall not have paid their dues or arrears within five weeks following the end of the quarter, are excluded from all benefits until after the expiration of three months after they have paid their ar-

rears. The plaintiff's husband was in arrears prior to his death, he paid such arrears on the 14th of May, 1875, so that by force of this section, if legal, he was not entitled to benefits until the 14th of August following, and he died before this day arrived. The widow's right to recover depends, therefore, upon the question which will be at once considered,—*i. e.*, whether this provision of the by-laws is legal or not. The governing rule with regard to corporations, is that their by-laws must be reasonable, and all which are vexatious, unequal, oppressive, or manifestly detrimental to the interests of the corporation or its members, are void. The by-law question is one of this kind. If it provided that delinquent members should be deprived of benefits during the delinquency, it would be otherwise; but this by-law subjects the member to a quasi penalty after the payment of his dues, and the performance of his duty, and for the prospective period of three months. The deprivation to which he is subject is, therefore, based upon the omission of duty which has been discharged, although not strictly according to the by-laws, yet fully and amply (See Cartan *v.* Father Matthew U. B. Society, 3 *Daly*, 20). The article in question, being illegal for the reason stated, forms no bar to the widow's right to recover. Judgment is therefore rendered in favor of the plaintiff for $200, with interest and costs.

Whether the power to make by-laws is expressly conferred, or implied from the constituting instruments, such power is always subject to the restriction that such by-laws must be reasonable, not oppressive, nor contrary to public policy, or the laws of the State (*Field on Corporations*, § 296; *Angell & Ames on Corporations*, § 347; Gosling *v.* Veley, 12 *Q. B.* 347; Farmer's Bank *v.* Smith, 19 *Johns.* 115). And see Gallatin *v.* Bradford, 1 *Bibb*, 209, and as to by-laws generally, see Sassenscheidt *v.* Fresco Painters' Union, *ante*, p. 8. By-laws of a society which forbid a member to work at his trade at such prices as he chooses to accept, and compel him to join in a strike, are void as against public policy (People *v.* N. Y. Benevolent Society, &c., 3

*Hun,* 361); and a member expelled for non-observance of a by-law which is not authorized by the statute nor the constitution of the State, will be restored by mandamus (People *v.* St. Franciscus Benevolent Society, 24 *How. Pr.* 216.