(75 App. Div. 243.)

KENNEDY v. CARPENTERS' LOCAL UNION NO. 726 OF THE UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. BENEFICIAL ASSOCIATION—UNREASONABLE BY-LAW.

    A by-law of a beneficial association, providing that a member who has been in arrears shall be debarred of all benefits until three months after payment of all arrearages, is unreasonable, and will not be recognized in an action on the certificate.

Appeal from Westchester county court.

Action by Louise Kennedy against the Carpenters' Local Union No. 726 of the United Brotherhood of Carpenters and Joiners of America. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas F. Curran, for appellant.
William Riley, for respondent.

GOODRICH, P. J. Alexander Kennedy, for more than six years prior to his death on January 28, 1901, was a beneficial member of the defendant. His widow, the plaintiff, was named as his beneficiary in his application for membership. The constitution and by-laws of the United Brotherhood of Carpenters and Joiners of America, of which the defendant is a local subordinate union, provide that on the death of a beneficial member of two years' standing his beneficiary shall be entitled to receive $200 as a funeral benefit. Section 93 of the constitution reads as follows:

"Each beneficial member will be entitled to the following benefits, under the conditions herein prescribed in this constitution, provided he is over six months a contributing or financial member in good standing; and when three months in arrears he shall be debarred from all benefits until three months after all his arrearages are paid in full."

Kennedy was in arrears from August, 1900, to November, 1900, but in November or December he paid all that was due the defendant, and died before the expiration of three months thereafter. Sections 109 and 110 of the constitution read as follows:

"Sec. 109. When any death or disability occurs, the person applying for benefit shall present to the local union concerned a certificate of the facts from the attending physician, and, if approved by the local union, the same shall be forwarded by the financial secretary to the general secretary-treasurer with the claim certificate of the United Brotherhood properly filled, and shall also send all other papers required.

"Sec. 110. Upon receipt of a claim, the general secretary-treasurer shall investigate the same, and if he approves the claim the general secretary-treasurer shall at once forward to the financial secretary a bank check or draft for the amount of the benefit due, and payable to the person entitled to receive it."

The only question on this appeal is whether the defendant union, having received the proper certificate of Kennedy's death, was legally bound, but failed, to approve the plaintiff's claim, and forward by its financial secretary to the general secretary-treasurer a claim certificate, so as to require the latter to send to the local union the amount of the plaintiff's claim. No such certificate was forwarded, and this action is brought to recover damages for the defendant's failure to do so. The county court, on the trial of an appeal from a justice's court, withdrew the question from the jury, and found as matter of law that the plaintiff was entitled to judgment, and the defendant appeals.

In Hess v. Johnson, 41 App. Div. 465, 58 N. Y. Supp. 983, we held, as to a voluntary association, that a somewhat similar provision formed a contract between the members and the association, and was binding upon the members; and that, if a provision contained therein was not illegal, immoral, or contrary to public policy, it must be upheld, whether reasonable or not, on the ground that parties have the right to enter into unreasonable or unwise contracts so long as such contracts are not illegal, and are fairly made; and that this is the distinction between the case of a voluntary association and that of a corporation. This distinction was considered and recognized in Cartan v. Society, 3 Daly, 20, where it was held that it is a governing rule with regard to a corporation that their by-

laws must be reasonable, and that all which are vexatious, unequal, oppressive, or manifestly detrimental to the interests of the corporation are void. The defendant in that case was a corporation, and the plaintiff was in arrears. The by-laws provided that, where a member in arrears paid what was due, although such payment gave him a right to other privileges, it deprived him of the benefits for three months from the payment of such arrears. The court held the by-law decidedly unreasonable, and that this was matter of law to be decided by the court. See Com. v. Worcester, 3 Pick. 462, 473. The principle of the Cartan Case, supra, was reconsidered in Skelly v. Society, 13 Daly, 2, and the doctrine reaffirmed. Following these cases, we hold that the county court committed no error in disregarding a provision substantially similar to that under consideration in the Cartan and Skelly Cases, and deciding that Kennedy had "complied with all the requirements of said defendant, its constitution and by-laws."

It follows that the judgment should be affirmed, with costs. All concur.