### BURNS v. MANHATTAN BRASS MUT. AID SOC.

(Supreme Court, Appellate Division, Second Department.   March 24, 1905.)

1. BENEFICIAL ASSOCIATIONS—SICK BENEFITS—CONSTITUTIONAL PROVISIONS.
   Where the sick-benefit period for which plaintiff sought to recover a stipulated sum per week, in an action on a certificate, began within a few days after she paid an arrearage for not less than six weeks' dues, she was within a provision of the society's constitution declaring that any member in arrears to an amount of four weeks' dues shall not be entitled to draw any benefit until one month from the date of paying the deficiency.

2. SAME—REASONABLENESS.
   A provision in the constitution of a beneficial association, providing that any member in arrears for four weeks' dues shall not draw any benefit until one month from the date of paying the deficiency, was a mere by-law of the association, and void for unreasonableness.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Emma Burns against the Manhattan Brass Mutual Aid Society.   From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William J. Boyhan, for appellant.
James J. Conway, for respondent.

WILLARD BARTLETT, J.   This is an action against an incorporated sick-benefit society to recover $6 a week for a period of 10 weeks during which the plaintiff was incapacitated from work by reason of illness, and hence claims to have been entitled to receive that sum from the defendant by virtue of her membership therein; and also $30, being the reasonable value of medical attendance and treatment which the plaintiff was compelled to procure because of the society's failure to perform its engagement to cause such service to be rendered by its regularly employed physician.

The judgment in favor of the plaintiff is clearly right, unless she was deprived of all sick benefits at the time covered by her claim by the operation of section 1 of article 4 of the defendant's constitution, which reads as follows:

"Each member must be in the society for three months and be in good standing at the time of his or her sickness or injury before they can draw any benefit from the society.   Any member in arrears to the amount of four weeks' dues shall not be entitled to draw any benefit until one month from the date of paying deficiency."

The sick-benefit period for which the plaintiff sought to recover the stipulated $6 a week in this action began within a few days after she had paid up an arrearage for her dues as a member, repre-

senting not less than six weeks' dues. This circumstance brought her within the purview of the second clause of the section above quoted, if the rule or regulation which it embodies can be upheld as reasonable. Similar provisions, however, have repeatedly been pronounced unreasonable by the courts, and ineffective to warrant an incorporated sick-benefit society in withholding a benefit to which the claimant had established his right, unless he could be deprived of it by the operation of such a by-law. Kennedy v. Local Union No. 726, 75 App. Div. 243, 78 N. Y. Supp. 85, and cases there cited. In Cartan v. Father Matthew U. B. Society, 3 Daly, 20, the corporate by-law which was condemned "provided that any member who should be three or more months in arrears should be deprived of benefits for three months after liquidating the same," thus very closely resembling the regulation relied upon by the appellant in the case at bar.

Under the authority of the decisions to which I have referred, the Municipal Court properly refused to regard that regulation as an obstacle to the enforcement of the plaintiff's claim. While the provision appears as a clause in the constitution of the corporation, and is not grouped with the by-laws as such, or specifically designated as a by-law, it is manifestly to be regarded only as a by-law in the established legal signification of that term. The so-called "constitution" of the defendant is not a special legislative enactment providing for the organization of the corporation, or in any sense a charter; it is really itself little more than a collection of some of the leading by-laws under a different title. The distinction between the "charter" of a corporation and the "constitution" of a corporation, as the latter term is now often used, may be found clearly pointed out by Chief Justice Elliott, of Indiana, in the opinion in the case of Supreme Lodge v. Knight, 117 Ind. 489, 20 N. E. 479, 3 L. R. A. 409, where occurs this passage, which is peculiarly pat upon the question under consideration here:

"Charters are not created by the act of the corporation or association, but are granted by the sovereign power of the state. A constitution of a voluntary association or a corporation is nothing more than a by-law under an inappropriate name."

So we look upon section 1 of article 4 of the defendant's so-called constitution simply as a by-law, to which the courts refuse to give any effect because of the unreasonable character of the provision.

These views lead to an affirmance of the judgment.

Judgment of the Municipal Court affirmed, with costs. All concur; HOOKER, J., not voting.