EMMA BURNS, Respondent, *v.* MANHATTAN BRASS MUTUAL AID SOCIETY, Appellant.

*By-law of mutual benefit society — a provision that for one month after payment of any arrearages no benefit shall accrue to a member is unreasonable — when a constitutional provision is merely a by-law.*

The following provision in the by-laws of an incorporated mutual benefit society, that "Any member in arrears to the amount of four weeks' dues shall not be entitled to draw any benefit until one month from the date of paying deficiency," is unreasonable, and a member of the society who pays up arrearages of not less than six weeks' dues is entitled to draw sick benefits for a period beginning within a few days after making such payment.

Provisions in the so-called constitution of a corporation, which constitution has been framed by the corporation itself and is not a special legislative enactment, are simply by-laws.

APPEAL by the defendant, the Manhattan Brass Mut ᴧl Aid Society, from a judgment of the Municipal Court of the city of New York, borough of Queens, in favor of the plaintiff, entered on the 17th day of June, 1904, upon the decision of the court.

_William J. Boyhan,_ for the appellant.

_James J. Conway,_ for the respondent.

WILLARD BARTLETT, J.:

This is an action against an incorporated sick benefit society, to recover six dollars a week for a period of ten weeks during which the plaintiff was incapacitated from work by reason of illness, and hence claims to have been entitled to receive that sum from the defendant by virtue of her membership therein; and also thirty dollars, being the reasonable value of medical attendance and treatment which the plaintiff was compelled to procure because of the society's failure to perform its engagement to cause such service to be rendered by its regularly employed physician.

The judgment in favor of the plaintiff is clearly right, unless she was deprived of all sick benefits at the time covered by her claim by the operation of section 1 of article 4 of the defendant's constitution, which reads as follows: " Each member must be in the society for three months and be in good standing at the time of his or her sickness or injury before they can draw any benefit from the society. _Any member in arrears to the amount of four weeks' dues shall not be entitled to draw any benefit until one month from the date of paying deficiency._"

The sick benefit period for which the plaintiff sought to recover the stipulated six dollars a week in this action, began within a few days after she had paid up an arrearage for her dues as a member representing not less than six weeks' dues. This circumstance brought her within the purview of the 2d sentence of the section above quoted, if the rule or regulation which it embodies can be upheld as reasonable. Similar provisions, however, have repeatedly been pronounced unreasonable by the courts and ineffective to warrant an incorporated sick benefit society in withholding a benefit to

which the claimant had established his right unless he could be deprived of it by the operation of such a by-law. (*Kennedy* v. *Local Union No.* 726, 75 App. Div. 243, and cases there cited.) In *Cartan* v. *Father Matthew U. B. Society* (3 Daly, 20) the corporate by-law which was condemned provided "that any member who shall be three or more months in arrears   *   *   *   shall be deprived of benefits for three months after liquidating the same," thus very closely resembling the regulation relied upon by the appellant in the case at bar.

Under the authority of the decisions to which I have referred, the Municipal Court properly refused to regard that regulation as an obstacle to the enforcement of the plaintiff's claim. While the provision appears as a clause in the *constitution* of the corporation and is not grouped with the *by-laws* as such, or specifically designated as a *by-law*, it is manifestly to be regarded only as a by-law in the established legal signification of that term. The so-called constitution of the defendant is not a special legislative enactment providing for the organization of the corporation, or in any sense a charter; it is really itself little more than a collection of some of the leading by-laws under a different title. The distinction between the charter of a corporation and the constitution of a corporation, as the latter term is now often used, may be found clearly pointed out by Chief Justice ELLIOTT of the Supreme Court of Indiana in the opinion in the case of *Supreme Lodge, Knights of Pythias* v. *Knight* (117 Ind. 489) where occurs this passage which is peculiarly pat upon the question under consideration here: "Charters are not created by the act of the corporation or association, but are granted by the sovereign power of the State. *A constitution of a voluntary association or a corporation is nothing more than a by-law under an inappropriate name.*" So we look upon section 1 of article 4 of the defendant's so-called constitution simply as a by-law to which the courts refuse to give any effect because of the unreasonable character of the provision.

These views lead to an affirmance of the judgment.

HIRSCHBERG, P. J., WOODWARD and JENKS, JJ., concurred; HOOKER, J., not voting.

Judgment of the Municipal Court affirmed, with costs.