MARY JANE DELANEY, Respondent, *v.* CHARLES P. KELLY and
Others, as the BOARD OF TRUSTEES OF THE UNITED STATES LETTER
CARRIERS' MUTUAL BENEFIT ASSOCIATION, Appellants.

*Contract between a mutual benefit life association and the insured — it is embraced
in the benefit certificate, the constitution and the by-laws — a provision making a
policy void in case of the non-payment of assessments — when the provision is self-
executing — the right to reinstatement is personal to the insured.*

The contract between a mutual benefit life insurance association and a member
thereof is embraced in the benefit certificate and the constitution and the
by-laws of the association.

A provision in the by-laws of the association providing that "Any member fail-
ing to pay to the collector of his branch any regular monthly assessment and
dues, or extra assessment, on or before the time prescribed for such payment,
shall, *ipso facto*, stand disconnected from the United States Letter Carriers'
Mutual Benefit Association and all benefits therefrom, without sentence by the
Branch," is self-executing, and if a member who has neglected to pay the
assessments due from him on November 1 and on November 15, 1903, dies on
November 17, 1903, without having been ·reinstated, his beneficiary cannot
recover the amount of his certificate irrespective of the cause of his default in
payment.

The effect of this by-law is not nullified or destroyed by subsequent provisions
of the by-laws providing that any member of the benefit association, discon-
nected for non-payment of assessments and dues, "can be reinstated within
thirty days from date of disconnection by paying to the collector all assess-
ments, dues and fines which were or would have been charged against him at
date of or during the period of his disconnection," and that an applicant for
reinstatement who was disconnected thirty days or more previous to making
application for reinstatement must, in addition to making the payments pro-
vided in section 1, furnish at his own expense a complete medical examination
on the form provided by the board of trustees for reinstatement, which must
be approved by the chief medical examiner.

The terms and conditions of the by-laws last mentioned are personal to the mem-
ber and must be complied with in his lifetime; if he dies before complying
therewith, his representative is not entitled to make the payments therein
specified.

APPEAL by the defendants, Charles P. Kelly and others, as the
Board of Trustees of the United States Letter Carriers' Mutual
Benefit Association, from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county of
New York on the 18th day of November, 1904, upon the verdict

of a jury rendered by direction of the court after a trial at the New York Trial Term, and also from an' order entered in said clerk's office on the 17th day of November, 1904, denying the defendants' motion for a new trial made upon the minutes.

*Charles W. Dayton,* for the appellants.

*Frank H. Smiley,* for the respondent.

McLAUGHLIN, J.:

This action is brought to recover $3,000 alleged to be due plaintiff under the terms of a benefit certificate issued to her husband by the United States Letter Carriers' Mutual Benefit Association, and in which she is named as the beneficiary. The issuing of the certificate is admitted, but it is claimed by the defendants that the right of the plaintiff to receive the benefits therein provided was forfeited by the failure of the deceased to comply with the rules and regulations of the association. At the conclusion of the trial a verdict was directed for the plaintiff, and from the judgment entered thereon and an order denying a motion for a new trial the defendants appeal.

The question presented is one of law. There is no dispute between the parties as to the facts, which, so far as material to a proper consideration of the question to be decided, are as follows: The National Association of Letter Carriers is a corporation organized under the laws of the State of Tennessee, with branches in different places. Pursuant to its certificate of incorporation it established the United States Letter Carriers' Mutual Benefit Association for the purpose of paying death benefits to such members of the national association as should desire to take advantage of the provisions therefor. At its annual convention the national association prescribes the laws and regulations of the benefit association, and elects three members as a board of trustees to manage its affairs. Andrew J. Delaney, the husband of the plaintiff, was a member of Local Branch No. 36 of the national association, and as such was entitled to, and on the 9th of October, 1903, became a member thereof, obtaining a benefit certificate by the payment of two dollars application fee, and two dollars and thirty-one cents monthly assessment and dues for October, as required by the constitution and

by-laws of the benefit association. He died on the 17th of November, 1903, and at that time was in default in the payment of two dollars and thirty-one cents monthly dues payable November first, and an extra assessment of two dollars and twenty-five cents payable November fifteenth. No evidence was introduced which explained in any way his failure to pay these assessments.

The certificate, constitution and by-laws constitute the contract between the parties. (*People* v. *Grand Lodge of Empire Order*, 156 N. Y 533; *People ex rel. Attorney-General* v. *Life & R. Assn.*, 150 id. 94.) It is necessary then to see just what the contract is. Turning to the certificate it recites that it is issued to Andrew J. Delaney upon evidence received from Branch No. 36 that he is a member in good standing therein and contributed to the benefit fund of the benefit association, " and upon condition that the said member complies in the future with the laws, rules and regulations now governing the United States Letter Carriers' Mutual Benefit Association and fund," and that such conditions and others named being complied with, " the Board of Trustees of the United States Letter Carriers' Mutual Benefit Association hereby promises and binds itself to pay out of the benefit fund to Mary Jane Delaney, wife, a sum not exceeding Three Thousand Dollars in accordance with and under the provision of the laws governing said benefit fund and upon satisfactory evidence of the death of said member and upon the surrender of this certificate, provided that said member is in good standing in this association at the time of his death."

The laws governing the association (law 6, §§ 2, 6) provide that each member shall pay, on the first day of each month, to the collector of his branch one assessment of two dollars and twenty-five cents and six cents for dues, and there is a corresponding provision for extra assessments. By section 9 of law 6 it is provided that " Any member failing to pay to the collector of his branch any regular monthly assessment and dues, or extra assessment, on or before the time prescribed for such payment, shall, *ipso facto*, stand disconnected from the United States Letter Carriers' Mutual Benefit Association and all benefits therefrom, without sentence by the Branch." Section 1 of law 7 provides that any member of the benefit association disconnected for non-payment of assessment and dues " can be rein-

stated within thirty days from date of disconnection by paying to the collector all assessments, dues and fines which were or would have been charged against him at date of or during the period of his disconnection." And section 2 provides that an applicant for reinstatement who was disconnected thirty days or more previous to making application for reinstatement must, in addition to making the payments provided in section 1, furnish at his own expense a complete medical examination on the form provided by the board of trustees for reinstatement, which must be approved by the chief medical examiner.

Construing the certificate and the laws of the association above quoted, it seems to me it must be held, upon the conceded facts, that the deceased at the time of his death was not a member of the association. He had neglected to pay the assessments due on the first and fifteenth of November, and, by the express provision of section 9, he ceased to be a member of the association. (*Lehman v. Clark,* 174 Ill. 279.) Nothing further was required to be done to sever his connection with the association. No act on the part of the association or any of its members, but the failure to pay *ipso facto* took him out of the association, and from that time until his death he was not a member in good standing, and the plaintiff's right to a recovery depended upon that fact.

It is contended by the respondent, and this seems to have been the view entertained by the learned justice at Trial Term, that sections 1 and 2 of law 7 nullify and destroy the effect of section 9 of law 6. This is not so. A failure to comply with section 9 of law 6 within the time named, in and of itself, deprives a person of his membership in the association. Sections 1 and 2, law 7, simply provide that such person may again become a member on complying with the terms and conditions of those sections. These terms and conditions are personal to the member and must be complied with in his lifetime, and if he dies before they have been complied with, no representative of his is authorized to make the payments therein provided. The certificate and the laws referred to clearly contemplate that the payments provided for are to be made by the member himself, and in case of his default he ceases to be a member and thereby forfeits all claims upon the association. To construe this contract in any other way its purpose must be ignored and the plain mean-

ing of the words used in section 9 of law 6 disregarded. This section provides, and it is neither qualified nor modified in any way by sections 1 and 2 of law 7, that a failure to pay an assessment as therein provided deprives a person of membership, and once he ceases to be a member the invalidity of the certificate is established, provided he dies before he has been reinstated. (*Roehner* v. *K. L. Ins. Co.*, 63 N. Y. 160; *Evans* v. *U. S. Life Ins. Co.*, 64 id. 304), and it matters not, this being the condition of the contract, what caused the plaintiff's intestate to default in his payments. (*Wheeler* v. *C. M. L. Ins. Co.*, 82 N. Y. 543.)

Questions quite similar to the one here under consideration have come before the courts in other States, and so far as I have been able to discover, a recovery has been denied in each case. Thus, in *Crossman* v. *Massachusetts Benefit Association* (143 Mass. 435) there was a provision in the certificate for reinstatement, and in addition it appeared that the insured had before been late in his payments, which the association had accepted and restored him to membership on his signing certificates as to his health. Notwithstanding, it was held that the provision for reinstatement and the fact that the insured had been reinstated many times, in no way modified the terms of the contract, nor was it a waiver of the right of the society to insist that by the failure of the decedent to pay he was at the time of his death suspended from the association.

In *Yoe* v. *B. C. Howard Mutual Benevolent Association* (63 Md. 86) the by-laws of the association provided for the disconnection of a member on non-payment of dues within thirty days after a specified time. The insured became delirious from sickness before the day when the dues first became payable and died two days after the expiration of the thirty days. Although there was provision in the by-laws for reinstatement for good excuse, the court held that under the rules the assured was disconnected at the time of his death. (See, also, *Blanchard* v. *Atlantic Mutual Fire Ins. Co.*, 33 N. H. 9 ; *McDonald* v. *Supreme Council Chosen Friends*, 78 Cal. 49 ; *Brown* v. *N. W. Legion of Honor*, 81 Iowa, 400.)

The case of *Dennis* v. *Massachusetts Benefit Association* (120 N. Y. 496) is clearly distinguishable from this one. There, the contract did not provide that a member failing to pay an assessment

within a given time should, by reason of that fact, cease to be a member of the association; on the contrary, it is at least fair to infer from the opinion, if the contract had so provided, the court would have held a recovery upon the certificate could not be had. Judge PARKER, writing the opinion, said: "If the certificate in question had provided, without qualification, that for a failure to pay an assessment within thirty days after the mailing of a notice thereof by the defendant, it should 'lapse and be void,' its invalidity would be established beyond dispute."

The contract here under consideration does so provide, and for that reason I do not see how a recovery can be had upon it.

It follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to appellants to abide event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellants to abide event.