TAUFER v. BROTHERHOOD OF PAINTERS, DECORATORS & PAPER-
HANGERS OF AMERICA.

(Supreme Court, Appellate Division, Second Department.   April 22, 1910.)

1. BENEFICIAL ASSOCIATIONS (§ 10*)—FAILURE TO PAY DUES—EXPULSION OF
MEMBERS.
    Where a beneficial association was organized to raise funds for the
    benefit of sick, disabled, and unemployed members and the families of
    deceased members complying with the laws, it had power to cause mem-
    bership to cease on unreasonable delay in paying the dues.
    [Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §
    13; Dec. Dig. § 10.*]

2. BENEFICIAL ASSOCIATIONS (§ 7*)—MEMBERS—GOVERNMENT.
    A person joining a beneficial association is expected to learn such fea-
    tures of its government as are reasonably within his opportunity.
    [Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §
    8; Dec. Dig. § 7.*]

3. BENEFICIAL ASSOCIATIONS (§ 7*)—MEMBERS—CONTRACT.
    A contract of a member of a beneficial association consists of the cer-
    tificate of membership, the constitution, and by-laws.
    [Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §
    8; Dec. Dig. § 7.*]

4. BENEFICIAL ASSOCIATIONS (§ 5*)—FAILURE TO PAY DUES—SUSPENSION—
REINSTATEMENT.
    By-laws of a beneficial association for suspension of a member delin-
    quent for three months' dues, and declaring that, if he fails to be rein-
    stated within three months from suspension, his name shall be dropped
    from the roll and membership can again be acquired only by new appli-
    cation and payment of the full initiation fee, but that within three months
    he may be reinstated by paying all arrearages of dues and a dollar rein-
    statement fee, but, if so reinstated, he may not receive benefits for six
    months thereafter, were valid and enforceable.
    [Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§
    5, 6; Dec. Dig. § 5.*]

Submission of controversy on agreed statement of facts by Agnes
Schick Taufer against the Brotherhood of Painters, Decorators & Pa-
perhangers of America.   Judgment for defendant.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS,
RICH, and CARR, JJ.

Henry G. Wiley (Elek John Ludvigh, on the brief), for plaintiff.
Morris Hillquit, for defendant.

THOMAS, J.   The defendant is a corporation organized under the
laws of the state of Indiana to promote the skill, efficiency, intelligence,
and character of its members, to cultivate friendship among them, to
regulate wages, hours, and conditions of labor, and for kindred objects.
It has the further purpose of raising "funds for the benefit of sick,
disabled, or unemployed members, and the families of deceased mem-
bers who continuously complied with our laws."   The defendant ex-
ercised its power to make by-laws by adopting 268 provisions.   The
sections here in question existed when plaintiff's decedent became a
member in January, 1903.   By agreement his membership was related

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to April 20, 1897. He continued to pay his dues to and including March, 1908, but defaulted for April, May, June, and July, but on August 10, 1908, he paid the arrearages and future dues to and including December. He died January 6, 1909. By force of by-law (section 46) he became, after three months arrearages of dues without notice or action, a suspended member. By section 47, if he failed to become reinstated within three months from the date of suspension, his name would be dropped from the roll, and membership could again be acquired by a new application and payment of the full initiation fee. But within the three months he could have reinstatement by paying all arrearages of dues and $1 reinstatement fee. This reinstatement by section 46 precluded him from benefits for the period of six months thereafter, within which time he died. His widow sues for the benefit denied her by the by-laws. It is urged that by accepting the arrearages the defendant waived the provision of section 46 that precluded benefits for six months thereafter, and that such provision is unreasonable and void. The by-laws clearly state that the effect of accepting arrearages shall be reinstatement with nonparticipation in benefits for six months, and there is no further waiver of the default than this qualified restoration involves. The by-law deferring enjoyment of benefits for the time limited is reasonable. It was quite within the defendant's power to cause membership to cease upon unreasonable delay in paying the dues whereon maintenance depended. The society liberally made a delinquency of three months' cause of suspension, and added a period of three months more before membership would be lost. Membership lost could be gained only by admission de novo. This by section 92 would have deferred benefits for a year. If total loss of membership could have been made the condition of default, surely reinstatement qualified by deferred participation in insurance benefits was a moderate and benign condition of pardon of the offender.

But it may be urged that insurance benefits to a new member could not be reasonably denied during the first year of his membership. It seems fair that a society should be able to collect dues for some time before liability for loss should accrue, and the court is not advised that payment for a year is disproportioned to the risks of the business. This was a plain agreement. A person joining a society is expected to learn such features of its government as are reasonably within his opportunity. Jennings v. Chelsea Division Benevolent Fund Soc., 28 Misc. Rep. 556, 558, 59 N. Y. Supp. 862; May v. New York Safety Reserve Fund Soc., 14 Daly, 389. He is about to make a contract, and should ascertain its terms so far as fairly presented to him. The certificate of membership, the constitution, and by-laws in the present instance are his contract. Fink v. Fink et al., 171 N. Y. 616, 621, 64 N. E. 506; Delaney v. Kelly, 103 App. Div. 409, 92 N. Y. Supp. 1021; Seymour v. Mutual Reserve Fund Life Ass'n, 14 Misc. Rep. 151, 153, 35 N. Y. Supp. 793; Farmers' Loan & Trust Co. v. Aberle, 18 Misc. Rep. 257, 14 N. Y. Supp. 638; Saerwein v. Jamour, 32 Misc. Rep. 701, 65 N. Y. Supp. 501. Had the member examined, he would have found readily that default in payment of dues resulted in suspension without notice, and he was not protected against the self-executing rule to that effect if he remained ignorant that the law upheld it. May

v. New York Safety Reserve Fund Soc., 14 Daly, 389, 394; McDonald v. Ross-Lewin, 29 Hun, 87; Paster v. Nagelsmith, 30 Misc. Rep. 791, 63 N. Y. Supp. 154; Delaney v. Kelly, 103 App. Div. 409, 92 N. Y. Supp. 1021; Marshall v. Grand Lodge A. O. U. W., 133 Cal. 686, 66 Pac. 25; Pitts v. Hartford Life, etc., Ins. Co., 66 Conn. 376, 34 Atl. 95, 50 Am. St. Rep. 96; Feiber v. Supreme Council A. L. H., 112 La. 960, 36 South. 818; Smith v. Sovereign Camp, etc., 179 Mo. 119, 77 S. W. 862; Chapple v. Sovereign Camp, etc., 64 Neb. 55, 89 N. W. 423; Freckmann v. Supreme Council, etc., 96 Wis. 133, 70 N. W. 1113. In this regard plaintiff relies upon Wachtel v. Noah Widows' & Orphans' Soc., 84 N. Y. 28, 38 Am. Rep. 478. But there the by-laws required notice, and a sufficient excuse for failure to give it was not furnished. In People ex rel. Schmitt v. St. Franciscus Benev. Soc., 24 How. Prac. 216, 221, the learned justice expressed himself in full accordance with the plaintiff's contention that a by-law providing for a member's expulsion, in his absence and without notice, would be illegal, albeit he could not discover from the record whether such by-law existed.

There have been decisions that in some degree sustain the plaintiff in the claim that such qualification of the reinstatement is unreasonable. They are Cartan v. Father Matthew United Benev. Soc., 3 Daly, 20; Kennedy v. Local Union, 75 App. Div. 243, 78 N. Y. Supp. 85; Burns v. Manhattan Brass Mutual, etc., Soc., 102 App. Div. 467, 92 N. Y. Supp. 846. The Cartan Case was decided in 1869 by the court of common pleas. The member was fined $1 for absence from a public procession to celebrate St. Patrick's Day, and the fine became a due, which was tardily paid, and he came within the by-law excluding him from benefits for three months. The offense related to a requirement seemingly remote from the purposes of the society, and may be considered too insignificant for the penalty. In 1884 the same court decided Skelly v. Private Coachmen's Benev. Soc., 13 Daly, 2. It was considered that a by-law providing for reinstatement upon paying arrearages, but deferring participation in benefits for three months thereafter, was reasonable and valid when there was evidence that the by-law existed when membership began, and that the member knew of it and assented to it. The Chief Justice in his opinion doubted, but did not disturb, the Cartan decision, but differentiated it by the additional feature in the second case that the member assented to the by-law. This consent appeared from the evidence of the member, and from the assumption that he had become familiar with the constitution and by-laws in the course of a long connection with the society. In Kennedy v. Local Union No. 126, 75 App. Div. 243, 78 N. Y. Supp. 85, this court in 1902, Goodrich, P. J., writing the opinion, in a case similar to the one at bar, decided that a by-law of a corporation deferring participation in sick benefits for three months after payment of arrearages was unreasonable and invalid, and distinguished the case from Hess v. Johnson, 41 App. Div. 465, 58 N. Y. Supp. 983, where a similar by-law was upheld, upon the ground that in the earlier case the defendant was a voluntary association. It is true that in the Hess Case the court in reaching its conclusion did distinguish between a voluntary association

and a corporation, citing Kehlenbeck v. Lofeman, 10 Daly, 447, where it was held that in the case of a voluntary association the court has no visitorial power, and Ulmer v. Minister, 16 Misc. Rep. 42, 37 N. Y. Supp. 679, which is to the effect that a member by subscribing to a voluntary association is bound by the by-laws, however unreasonable. In Burns v. Manhattan Brass Mutual Aid Soc. (Second Department, decided in March, 1905) 102 App. Div. 467, 92 N. Y. Supp. 846, it was concluded that a by-law was unreasonable that provided that "any member in arrears to the amount of four weeks' dues shall not be entitled to draw any benefit until one month from the date of paying deficiency." The defendant was a sick benefit association, and riddance of arrearages could avail nothing during deferred participation, while in the case at bar the main advantages of the society accrued while the incidental insurance benefit was postponed.

I conceive that such consideration of practical deprivation of the advantages of membership influenced the decision of the Kennedy Case, for in 1902 the same court, with the same justices present, in Hart v. Adams Cylinder & Web Press, etc., Ass'n, 69 App. Div. 578, 75 N. Y. Supp. 110, upheld a by-law of the defendant corporation that a member "shall not be entitled to claim for sick benefits or funeral allowance during the time such arrearages remain unpaid, and for six months after the setttlement of such arrearages." The opinion in Hart v. Adams, etc., states two propositions that should determine the present action favorably to the defendant—one that the by-laws of a corporation must be reasonably connected with the purposes, and reasonably adapted to the accomplishment of the objects of the corporation; the other that:

"When the conditions imposed upon a reinstated member are the same in effect as those demanded of new members, the presumption arises that there is no denial of any of the reasonable rights of such reinstated member."

The corporation is sustained by dues which the members contract to pay. If they do not pay, they promise to abide by suspension, or forfeiture of their membership. No person has a right to demand admission or reinstatement on his own terms. Default in payment of dues is in its tendency destructive of the maintenance of the society, and may be penalized even to the point of expulsion. If, instead of expulsion, the penalty is reduced to qualified reinstatement, so much the less may the member complain. The conclusion in the Hart Case was fully sustained by this court (First Department) in Stanton v. Eccentric Associates, 130 App. Div. 129, 114 N. Y. Supp. 480, and has the support of Rubino v. Fraternal Association, 29 Misc. Rep. 339, 60 N. Y. Supp. 283; Jennings v. Chelsea Division Benefit Fund Soc., 28 Misc. Rep. 556, 59 N. Y. Supp. 862, Saerwein v. Jouman, 32 Misc. Rep. 701, 65 N. Y. Supp. 501; O'Brien v. Brotherhood of the Union, 76 Conn. 52, 55 Atl. 577. Contrary decisions would be more helpful, if they stated reasons for holding such a by-law unreasonable. In Skelly v. Private Coachmen's Benevolent, etc., Soc., supra, the Chief Justice well said:

"In Brice's Ultra Vires, it is said: 'The law has deemed it the more advisable course to leave rules for the most part to the discretion of the corporations and those composing them, who may be reasonably supposed to know what

is most conducive to their own interests and welfare' (Green's Brice's Ultra Vires, pp. 14, 16). And in consonance with this is the language of Judge Potter, who, in his work on corporations, says (p. 114, note 10): 'To set aside a by-law for unreasonableness there should be no equipoise of opinion upon the matter, but its unreasonableness should be demonstrably shown,' of which the case of Elwood v. Bullock (6 Adolph. & Ell. N. S. 383) might be pointed out as a good illustration. It should be so obvious as to admit of no reasonable doubt, as it has been held to be a question of law for the court (Commonwealth v. Worcester, 3 Pick. [Mass.] 462)."

The defendant should have judgment in accordance with the terms of the submission, with costs. All concur.