# United Brotherhood of Carpenters and Joiners of America, Local Union No. 1650, v. Saunders.

Dec. 15, 1939.

Henry S. McGuire for appellant

Eldon S. Dummit and F. Derond Deweese for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This action was filed by the appellee, Dora Saunders, against the appellant, United Brotherhood of Carpenters and Joiners of America, Local Union No. 1650, an unincorporated association and a subordinate member of the national organization, United Brotherhood of Carpenters and Joiners of America. The petition alleged that Charles T. Saunders, appellee's husband, died March 1, 1937, a member in good standing of appellant, and that by virtue of the by-laws of appellant and the constitution and by-laws of the national organization, the appellant was obligated to pay her funeral donations to the amount of $300.

The appellant defended on the grounds (1) that funeral donations were not payable by the local union and (2) that the deceased was not a member in good standing by reason of delinquency in the payment of dues. The first contention, one of law to be determined from the constitution and by-laws, was decided adversely to appellant by the trial court. Appellee pleaded a waiver of delinquency in dues payments and estoppel on appellant's part to claim that the deceased was thus delinquent by reason of representations made to him by appellant's financial secretary on whom devolved the duty of collecting dues. The latter issue was submitted to a jury which decided it in favor of the appellee. Pursuant to the verdict, judgment was entered in appellant's favor for $300. Appellant has made a motion in this court for an appeal from that judgment.

Obviously if funeral donations are not payable by the local lodge, the question of waiver and estoppel is immaterial. The action of the trial court in submitting

the case to the jury was, of course, based on the assumption that funeral donations were payable by the local union, the defendant in the action. We will therefore proceed to a discussion of the first ground of defense of appellant, namely, that the national organization and not the local union is the one responsible for the payment of funeral donations.

The by-laws of the local union were filed and made a part of the evidence. We have carefully examined these by-laws and find nothing therein providing that the local union shall pay funeral donations. As a matter of fact it is not contended in behalf of appellee that these by-laws so provide. However, it is argued in her behalf that the constitution and by-laws of the national organization, introduced in evidence, make the local union responsible for the payment of funeral donations in the amount of $300.

Sections of the constitution and by-laws of the national organization relied on by appellee as making the local union responsible, are Sections 48 and 58 in part as follows:

"A—Section 48. On the death of a member in good standing, his wife or legal heirs, as named on his application, shall be entitled to the member's funeral donation as prescribed in the Constitution and Laws of the United Brotherhood. A member may change his beneficiary provided the change is made to wife, or blood relative. Such change shall be made on blank form to be furnished Local Unions by the General Secretary. * * *

"A.—Section 58. The General Funds or property of a Local Union shall be used only for such purposes as are specified in the Constitution and Laws of the United Brotherhood and as may be required to transact and properly conduct its business, viz; Payment of salaries, and donations to sick members; purchasing stationery, books, cards, printing, payment of rent, or any legally authorized bill against the Local Union. But under no circumstances shall any of the General Funds be used for loans or donations to members, * * *"

It is further provided by Section 58 that any local union charging more than $1 per month dues may create a special contingent fund and that "this fund may be

used for relief of aged members, organization or any other purpose the local union may decide * * *." Dues in the local union were $1.50 per month. It is argued that these provisions of the national constitution and by-laws make the local union responsible for funeral donations. We do not so interpret these provisions. Neither these nor any other provisions we find in the national constitution and by-laws, attempt to impose on the local union the duty to pay funeral donations. It is true that under the last quoted portion of Section 58 the local union is possibly authorized and empowered, if it so desires, to establish a fund for the payment of both sick and funeral donations but its by-laws show that it has not done so. In the absence of such a by-law the source of payment of funeral donations is to be determined from the constitution and by-laws of the national organization.

It seems clear to us that the quoted sections of the constitution and by-laws of the national organization provide for the payment of funeral donations only by the national organization. That portion of Section 48 which provides for a change of beneficiary on a blank form to be furnished the local unions by the general secretary is inconsistent with the idea that the funeral donations are payable by the local union. It would seem useless to notify the national organization of the change in beneficiary if the donation was payable by the local union. But if we are mistaken in this conclusion, subsection B of Section 48 seems to make it perfectly clear that funeral donations are payable only by the national organization.

That subsection provides as follows:

"B—If a member in good standing dies without leaving any legal heirs, the Local Union shall see him respectably interred. The officers or a committee of the Local Union shall attend his funeral and the United Brotherhood shall pay the funeral expenses, but in no case shall these expenses exceed the full amount of donation to which the member is entitled at time of death, nor shall the United Brotherhood be held liable for any further donations in the name of the deceased."

This provision contemplates that the local union shall see that a deceased member, leaving no legal heirs, is respectably interred but that the United Brotherhood

shall pay the funeral expenses not to exceed the amount of donation to which the deceased member was entitled, and the context is such that it is obvious that the "United Brotherhood" is the national organization and not the local union. The duty to see that the deceased member is respectably interred is imposed on the local union—the duty to pay therefor is imposed on the national organization. And, since payment is limited to the amount to which the deceased member was entitled to donations, it is clear that it is contemplated that such donations are payable by the national organization.

It is argued for appellee that the constitution and by-laws should be construed to provide for payment by the local union because of the difficulty in the way of collection from the national organization arising out of the fact that it is an unincorporated association with headquarters in Indianapolis and that therefore appellee could not sue it in this state. With this, however, we cannot concern ourselves nor are we called on to decide whether or not the Fayette Circuit Court might have jurisdiction of an action against the national organization by service of process on the local union. We are concerned only with the question whether under the constitution and by-laws the local union is responsible for the payment of funeral donations and it seems to us clear that it is not. The local union and its members have undoubtedly placed this construction on the constitution and by-laws since it appears from the evidence that no fund has ever been created by the local union for the payment of funeral donations and no payment therefor has ever been made although the local union has been in existence for many years.

Kennedy v. Carpenter's Local Union No. 726, of the United Brotherhood of Carpenters & Joiners of America, 75 App. Div. 243, 78 N. Y. S. 85, is cited as authority that funeral donations are payable by the local union. In that case judgment was entered against the local union for funeral donations and sustained on appeal. However, the question was not raised in that case and it was assumed by the court, without discussion, that the local union was responsible. In these circumstances, that case is no authority whatever. The court concerned itself with discussion of an entirely different question.

We reach the conclusion that the national organization and not the local union is the one responsible for

the payment of funeral donations and that the appellee's cause of action, if she had one, was against the national organization and not against the local union.

The motion for an appeal is sustained and the appeal granted. The judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.